**Salem**

TERRY JOE COLLIER

v.

ROSALIE BASSETT COLLIER

No. 0640-85

Decided April 1, 1986

COUNSEL

Henry A. Whitehurst, for appellant.

James L. Tucker, for appellee.

OPINION

**KOONTZ, C.J.**—This case involves an appeal from a divorce decree and an award of a lump sum and periodic spousal support. The issues raised on appeal are: (1) whether the trial court erred in granting a divorce to the wife based on the husband's desertion; and (2) whether the trial court erred in its award of a lump sum and periodic support to the wife.

## I. The Desertion Issue

Rosalie and Terry Collier were married on March 18, 1980. This was the first marriage for Rosalie and the third marriage for Terry. No children were born to the marriage. The parties separated on June 1, 1983, and did not resume cohabitation. Rosalie filed her bill of complaint on June 24, 1983, seeking a divorce on the grounds of desertion and an award of spousal support. The final divorce decree was entered on May 6, 1985, based on the depositions of the parties and one other witness.

When Terry left the marital home on June 1, 1983, he left a note which was introduced into the evidence considered by the chancellor. While this note is less than poetic and quite complimentary to Rosalie, it established quite clearly Terry's intent to desert the marriage without legal justification. Some quotes from this note make that patently clear:

By the time you read this, I'll be gone . . . Forgive me if you can but what I'm doing I had to do.

\* \* \*

After three years of existing I have to grow.

\* \* \*

Rosie, you have been a good wife, a wife a lot of men dream of having.

\* \* \*

I have never been able to see you hurt and I know if I had talked to you I could not have decided to leave.

\* \* \*

God bless you Rosie, I did love you. Rebuild your life, be happy, take care of yourself . . . .

\* \* \*

I have moved far from Roanoke and Pulaski.

When called upon to explain the meaning of his note, Terry testified that the fault in the marriage was "50-50" based apparently on his position that Rosalie would not go places with him such as company Christmas parties. He summarized by stating, "I just got tired of going everywhere by myself."

■ "The rule is firmly established in Virginia that a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard *ore tenus,* but such a decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence." *Capps* v. *Capps,* 216 Va. 382, 384, 219 S.E.2d 898, 899 (1975); *Rexrode* v. *Rexrode,* 1 Va. App. 385, 389, 339 S.E.2d 544, 547 (1986). It is also well settled that a party is guilty of desertion when he breaks off matrimonial cohabitation with an intent to desert. *Breschel* v. *Breschel,* 221 Va. 208, 211, 269 S.E.2d 363, 365 (1980).

■ Code § 20-99(2) provides that no divorce shall be granted on the uncorroborated testimony of the parties or either of them.

The main object of the provision of the statute requiring corroboration is to prevent collusion. Where it is apparent that there is no collusion, the corroboration needs to be only slight. *Graves* v. *Graves,* 193 Va. 659, 662, 70 S.E.2d 339, 340 (1952).

In the present case it is undisputed that Terry moved from the marital home on June 1, 1983. The note he left for Rosalie, while perhaps attempting to soothe her feelings, was a clear declaration of his intent to desert. One can draw no other conclusion from the physical act of moving from the marital home and the terms of the note left for Rosalie to read when she returned from work. Rosalie's sister, the remaining witness, corroborated these essential facts. She lived nearby and testified about Terry's leaving the marital home and about the circumstances under which Rosalie had received Terry's note. Based on these facts, we find no error in the chancellor's award of an absolute divorce to the wife on the grounds of desertion by the husband.

## II. The Spousal Support Issue

We turn now to a review of the chancellor's award of spousal support. Prior to the marriage Rosalie was employed at a local apparel company and was self supporting. During and after the marriage she was employed at a different company three weeks a month with a weekly income of $134. During the marriage Terry had various employments including a period in which he re-enlisted in the U. S. Army for fourteen months. Between regular jobs from November 1982 until March 1983, he worked at a store owned by Rosalie's mother and performed odd jobs and maintenance work at apartments owned by her. On the date of separation, Terry had a net income of $748 per month from his employment as business manager at a local car dealership.

During the marriage Rosalie satisfied various financial obligations for Terry by depleting a joint savings account she maintained with her sister. These included payments on delinquent child and spousal support and payments for a car, clothes and medical bills. Rosalie's sister confirmed the depletion of this account.

Pursuant to the provisions of Code § 20-107.1, the final decree provided for an award of $4,000 lump sum spousal support and in addition $100 per month as periodic spousal support to be

paid to Rosalie. The provisions of Code § 20-107.3 are not involved in this case. In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion. *Thomasson v. Thomasson,* 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983). We find that the facts clearly support the chancellor's award of periodic support payments to Rosalie. She was properly granted an absolute divorce on the grounds of Terry's desertion; she has a limited income and he has the ability from his income to pay the periodic support payments awarded. Accordingly, we find no error in this award.

Rosalie's need for a $4,000 lump sum award, however, is not supported by the facts in the record. Nor is the award supported by evidence of Terry's ability to pay this amount. The only basis in the record for such an award is the testimony of Rosalie that over the three years of this marriage she depleted a savings account in approximately this amount for various obligations of Terry. Code § 20-107.1 provides for maintenance and support of a spouse and is not a vehicle for the restoration of funds expended during a marriage by one spouse for the benefit of the other spouse. In the present case the facts reveal that Terry has no property or income or other financial resources from which he could reasonably be expected to pay more than the modest monthly periodic payments. Furthermore, there are no facts to justify a need on the part of Rosalie for this lump sum, but merely evidence that she expended this amount during the marriage. Accordingly, the lump sum award will be reversed and vacated.

*Affirmed in part, and reversed and vacated in part.*

Coleman, J., and Moon, J., concurred.