**Norfolk**

STEVEN ALLEN GOETZ

v.

DEBORAH ANNE GOETZ

No. 1313-87-1

Decided September 6, 1988

COUNSEL

Richard J. Colgan (Weisberg and Stein, P.C., on brief), for appellant.

Allen J. Gordon (Edward A. Fiorella, Jr.; J. Robert Broudy, on brief), for appellee.

OPINION

BENTON, J. — In this appeal Steven Allen Goetz (husband) contends that the trial judge erred (1) in increasing the amount of periodic spousal and child support over the amount recommended by the commissioner in chancery, and (2) in ordering a lump sum spousal support award to be paid in addition to the periodic spousal support award. We do not agree that the trial judge erred in increasing the amount of the periodic awards; however, we conclude that because the trial judge erred in making certain factual findings contrary to the findings of the commissioner, the trial judge's decision concerning the lump sum spousal support award must be reversed and remanded for reconsideration.

"The court, in its discretion, may decree that maintenance and support of a spouse be made *in periodic payments, or in a lump sum award, or both*." Code § 20-107.1 (emphasis added). In determining spousal support, the trial court's consideration must include earning capacity, obligations, needs, the property interests of the parties, and the provisions if any, made with regard to marital property. *Id.*

The evidence before the commissioner in chancery supports the trial judge's letter opinion that the wife's net monthly earnings were $610, less the amount withheld to pay garnishments on account of judgment levies for debts incurred by the wife and husband; that the wife has substantial monthly obligations, including joint debts created during the marriage in excess of $15,000; that the wife and the parties' eleven year old son have monthly medical costs that total $285; and that the husband's net monthly earnings of approximately $1429.75 are significantly less than the earnings that he received from the employment he lost after the marital separation. The husband has paid little, if any, toward meeting the parties' $15,000 joint obligations.

Referring to the factors listed in Code § 20-107.1, the trial judge increased the commissioner's recommended award of $450 monthly spousal support and $200 monthly child support to $500 and $285 respectively. He also awarded the wife an additional $15,000 "lump sum monetary award . . . under . . . Code § 20-107.1." The trial judge stated that the wife's "need is greater" and the husband "has the ability to pay more and indeed earn more if he chooses." The trial judge further noted his disagreement with the following portion of the commissioner's report concerning the marital debt:

> It is apparent to the commissioner that the amount of debts incurred by the [wife] cannot be paid from her salary nor from any income payable to her from her husband. It is also clear to the commissioner that the [wife], to alleviate her debts, must go bankrupt and be able to re-establish her expenses.

The trial judge, recognizing "the practicality of [the commissioner's] point of view," stated, however, that he was "not willing to deny [the wife] further assistance from [the husband] for that reason." The trial judge further observed that the husband could request a modification of the support order if the wife filed for bankruptcy protection.

We conclude that the trial judge correctly determined that one of the premises upon which the commissioner based his spousal support recommendation was faulty. The commissioner's view that the wife was better served by filing for bankruptcy protection was an inappropriate basis for failing to consider the amount of mari-

tal debt in assessing a support award. We further conclude that the trial judge gave due consideration to the possibility of bankruptcy by recognizing it as a factor that would support a future request for a modification of support.

 We are unable to discern, however, the basis upon which the trial judge determined that the husband could pay a lump sum spousal support award of $15,000. *See Collier v. Collier*, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). While the evidence establishes that the marital debt is approximately $15,000, the trial judge did not make a finding that the husband's earnings or assets provide a sufficient source from which a lump sum award may be derived. Moreover, it appears that the $15,000 lump sum spousal support award may have been premised upon the belief that the husband continues to earn a significant amount of unreported cash income from "side jobs." The wife's brief also asserts that the "evidence amply supports the trial court's findings based upon the fact that [the husband] earned substantial income from 'side jobs.' " On the contrary, the commissioner's finding, based upon *ore tenus* evidence, was that the amount of and "extent of any side jobs, if any, [have] not been established."

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence. . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witness at first hand.

*Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984)(citations omitted). The evidence before the commissioner concerning the "side jobs" consisted solely of oral testimony of the parties and the wife's witnesses. The commissioner's findings with respect to the weight of the testimony, therefore, contain credibil-

ity judgments that must be given due consideration. We conclude that the evidence supports the commissioner's finding concerning the "side jobs."

Accordingly, we reverse that portion of the decree granting the lump sum spousal support award and remand the issue to the trial judge for reconsideration. Because we cannot say on the record before us whether an application of the factors cited in Code § 20-107.1 to the circumstances of the parties in this case will support a lump sum award, we remand that issue to the trial court. In addition, because the trial court may on reconsideration determine that the husband's salary and assets are insufficient to support a lump sum award, nothing in this opinion should be taken to preclude the trial judge from modifying the periodic support award if, upon reconsideration of the lump sum award, the evidence requires a modification.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Coleman, J. and Moon, J., concurred.