COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MARY WRIGHT JUAREZ

v.   Record No. 1340-95-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
GILBERT E. JUAREZ                            FEBRUARY 13, 1996


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Herbert C. Gill, Jr., Judge

            (Mary Wright Juarez, pro se, on briefs).

            (Richard F. Papcun, on brief), for appellee.


        Mary Wright Juarez (mother) appeals the decision of the

circuit court granting sole custody of her three youngest

children to Gilbert E. Juarez (father).  Mother argues that there

was insufficient evidence to (1) deny her request to change

custody of Kathleen and Mark from father to mother; (2) justify

changing custody of John from mother to father; and (3) deny all

visitation by mother with Kathleen, Mark and John.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.[1]

        On appeal, we review the evidence in the light most

favorable to the prevailing party below.  Peple v. Peple, 5 Va.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Our decision on the issues raised by mother in her appeal
makes it unnecessary for us to address the additional questions
raised by father.

App. 414, 422, 364 S.E.2d 232, 237 (1988).  The trial court received the evidence by <u>ore</u> <u>tenus</u> testimony of the parties and their witnesses and through depositions.  Its order is presumed correct and will not be overturned if it is supported by substantial, competent and credible evidence.  <u>See</u> <u>Collier v. Collier</u>, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986).

### Custody of Kathleen and Mark

The parent seeking to change custody bears the burden of proving that there has been a change in circumstances since the most recent custody award and that the best interests of the child warrant a change in custody.  <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).  Thus, mother bore the burden to prove that a change in circumstances had occurred which warranted granting her custody of Kathleen and Mark.  The trial court found there was evidence of an improvement in mother's ability to maintain a job and a home.  However, the court noted that mother continued to question her children concerning her unsubstantiated allegations of sexual abuse by father, despite a finding by Chesterfield Social Services that mother's questioning constituted emotional abuse.  Contrary to court order, mother continued to question John about sexual abuse by father, continued to call Kathleen and Mark almost daily, and continued to attempt to visit with Kathleen and Mark by arriving at father's home and refusing to leave.

While Kathleen and Mark have been in father's custody, they

2

have participated in activities and done well in school.  The court found that the children were "physically and emotionally thriving in [father's] full custody" and that father "has provided a stable environment for these children."  The court's conclusions were fully supported by substantial, competent and credible evidence.  Therefore, we cannot say the trial court erred or abused its discretion in denying mother's petition to change the custody of Kathleen and Mark to herself.

### Custody of John

The evidence established that mother had a close relationship with John and was attentive to his needs.  However, mother admitted that she had questioned John regarding her allegations of sexual abuse, contrary to court order.

Moreover, as noted above, mother's questioning regarding her allegations of sexual abuse was found to constitute emotional abuse of Kathleen and Mark.  Among other incidents, mother taped a conversation she had with Kathleen and Mark which mother argued demonstrated father had abused them.  The children, however, told their counselor that mother would spank them if they failed to answer her questions the way she wanted them to.  Neither Kathleen or Mark appeared to be emotionally bonded with mother.

The court found that mother's persistent questioning of the three children concerning her allegations of sexual abuse was a negative change in mother's circumstances.  The questioning amounted to emotional abuse of the children, and was "clearly not

3

in the best interest of the children."

Substantial, competent and credible evidence supports the decision of the circuit court that a negative change in circumstances warranted transferring custody of John from mother to father. Therefore, we cannot say that the court abused its discretion in transferring custody.

### Denial of Visitation

The trial court denied mother all visitation, noting however that it "will be amenable to hearing from [mother] in a subsequent proceeding regarding any proposed plan of hers for supervised visitation, including times, places of visitation, and the supervisor of such visitation." The record demonstrated that mother had violated previous court orders barring her from questioning the children about the alleged sexual abuse, and had refused to abide by previous court-ordered limitations on visitation. In light of the risk to the children's emotional well-being demonstrated by mother's past actions, we cannot say the trial court abused its discretion in denying mother visitation until a plan for supervised visitation was approved.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4