COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARTIN C. DAVIDSON, JR.

v.   Record No. 1588-95-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
RHONDA O. DAVIDSON                            FEBRUARY 20, 1996

                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            (Gail H. Miller; Smith & Miller, P.C., on
            brief), for appellant.

            No brief for appellee.


        Martin C. Davidson, Jr. (husband) appeals the decision of

the circuit court awarding Rhonda O. Davidson (wife) a divorce on

the grounds of adultery.  Husband argues that, under the terms of

the parties' Agreement and Stipulation (Agreement), wife waived

her right to seek a divorce on the ground of adultery.  Husband

also argues that the trial court erred in relying on an affidavit

executed by husband in which he admitted committing adultery.

Finally, husband contends that there was insufficient evidence to

establish that he committed adultery.  Upon reviewing the record

and opening brief, we conclude that this appeal is without merit.

 Accordingly, we summarily affirm the decision of the trial

court.  Rule 5A:27.

        The evidence in this matter was presented solely by

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

deposition.

> "The rule is firmly established in Virginia that a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard _ore tenus_, but such a decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence."

Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986) (citation omitted).

### Interpretation of the Agreement

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Id.

Paragraph four of the parties' Agreement stated in part as follows:

> Subsequent Divorce: Husband and Wife anticipate subsequent divorce. Upon presentation to the Court of a sketch for either a bed and board decree of divorce or a final decree of divorce, Husband and Wife agree to request the Court to affirm, ratify and incorporate, but not merge this Agreement and Stipulation into said decree.

Thus, by the express terms of the Agreement, the parties anticipated filing a suit for divorce. The parties placed no

2

limitations or representations anywhere in the Agreement concerning the grounds upon which a divorce would be sought.

Husband relies upon Paragraph 16, entitled "Mutual Release and Discharge of General Claims," to support his claim that wife waived her right to seek a divorce on the grounds of adultery. That paragraph stated that

> [s]ubject to the provisions of this Agreement, Husband and Wife hereby mutually release and forever discharge, and by these presents does for himself or herself, and his or her heirs, legal representatives, executors, administrators and assigns, release and forever discharge the other of any and all causes of action, claims, rights, or demands whatsoever in law or equity, which either Husband or Wife hereto ever had, or now has, against the other excepting only every right that is given or created by this Agreement.

Paragraph 16 does not, by its express terms nor by implication, amount to a waiver by either party of any potential grounds for a divorce. Therefore, we conclude that the Agreement did not bar wife from seeking a divorce on the ground of adultery.

We also reject husband's contention that wife was estopped from seeking a divorce on the basis of adultery. In executing the Agreement, the parties acknowledged in Paragraph 1 that the Agreement was entered into

> upon mature consideration; that consent to the execution of this Agreement . . . has not been obtained by duress, fraud, or undue influence of any person; that no representations of fact or otherwise have been made by either party; . . . and that this Agreement . . . is FAIR and EQUITABLE and entered into VOLUNTARILY for valuable CONSIDERATION.

3

Husband's allegations that wife induced him to execute the Agreement are unsupported by the record. The Agreement expressly contemplated the parties' subsequent filing for divorce and, as provided under its terms, the Agreement was affirmed and incorporated into the parties' final decree of divorce. The terms of the property settlement agreed to by the parties remained unchanged. Therefore, wife was not estopped from seeking a divorce on the ground of adultery.

## Admissibility of Husband's Affidavit

Husband alleges that the trial court erred by allowing into evidence his sworn affidavit in which he admitted "under oath that he has committed adultery with one DONA FOGG during the last 12 months from the date of this Affidavit and without the consent or knowledge of his wife." Husband repudiated the contents of the affidavit, alleging that he signed the affidavit solely to keep his alleged paramour from being called to testify.

The circumstances surrounding husband's execution of the affidavit go to its weight, not its admissibility.

> Generally, evidence that has rational probative value and adds force and effect to other evidence is competent and admissible. A trial court, in the exercise of its discretion, determines whether evidence is competent. Of course, the weight to be given to such evidence is a decision for [the fact finder].

Williams v. Garraghty, 249 Va. 224, 233, 455 S.E.2d 209, 215 (1995). Husband admitted he knew what he was doing when he executed the affidavit, and that he wanted to sign the affidavit

4

in order to keep from involving Fogg in the divorce proceeding. Husband was aware that his interests were adverse to those of his wife and that he was not represented by wife's counsel. Therefore, we cannot say the trial court abused its discretion by allowing into evidence husband's affidavit.

## Sufficiency of the Evidence

The trial court reviewed the depositions of the witnesses and parties and found sufficient evidence to support wife's ground for divorce on the basis of husband's adultery with Donna Fogg. This finding was not plainly wrong or without evidence to support it.

Husband's credibility was undercut by his deposition testimony, which was fraught with qualifications. Husband admitted that he had "intercourse" with Fogg, but denied having sexual intercourse with her. Husband admitted signing the affidavit in which he swore that he committed adultery with Fogg, but stated that the affidavit was "not exactly the truth."

Husband knowingly executed the affidavit admitting that he committed adultery with Fogg. Wife testified that husband admitted to her that he had sexual intercourse with Fogg. Husband and Fogg admitted that husband regularly visited Fogg's apartment in the morning, as observed by the private investigator hired by wife. Therefore, clear and convincing evidence supported the trial court's decision to award wife a divorce on the ground of husband's adultery.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.