COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

ADRIAN L. McGOWAN

v.   Record No. 0598-96-1

DEBORAH P. McGOWAN

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 8, 1996

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

> (Allen J. Gordon; Erik P. Gordon, on brief),
> for appellant.

> No brief for appellee.

Adrian L. McGowan (husband) appeals the decision of the circuit court awarding $400 in monthly spousal support to Deborah P. McGowan (wife).  Husband contends that, in light of the evidence of wife's ability to work, the trial court erred in accepting the commissioner's recommended award.  Upon reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

> In awarding spousal support, the chancellor
> must consider the relative needs and
> abilities of the parties.  He is guided by
> the nine factors that are set forth in Code
> § 20-107.1.  When the chancellor has given
> due consideration to these factors, his
> determination will not be disturbed on appeal
> except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

(1986).

Husband contends that the parties' age, health, past conduct, and earning capacities, among other factors, failed to support the commissioner's recommendation. See Code § 20-107.1. Husband is more than twenty years older than wife and is nearing retirement. Husband's monthly net take-home pay was $1,750. While wife worked prior to the parties' marriage in 1985, and completed a paralegal course during the marriage, wife was unemployed at the time of the commissioner's hearing with no income and $2,708.20 in claimed expenses.

While husband admitted that wife did not work during the marriage by agreement of the parties, husband contends that there was no evidence that wife was unable to work. Witnesses called by wife, however, testified that wife was unable to work due to both mental illness and physical injuries resulting from a 1994 automobile accident. Janet Schiff, a licensed clinical social worker, had seen wife professionally since 1985 and testified that wife suffered from "a severe chronic mental illness" resulting in "a breakdown in reality testing." Schiff opined that the illness was not easily reparable and that wife would not be able to work. Wife was hospitalized at Tidewater Psychiatric Institute in 1994. Her mother described her behavior at that time as "psychotic." Wife testified that she suffered from hyperacusis and head pain and was on a mild tranquilizer, but indicated she was unemployable because of a neck injury following

2

a 1994 car accident.

The commissioner's report indicated that he considered the parties' respective income as well as "the relative degrees of fault, the length of the marriage, the relative ages of the parties and all other factors set forth in . . . § 20-107.1." Credible evidence indicated that wife was not currently able to obtain employment, and that she had not successfully held outside employment in many years. We find no abuse of discretion in the trial court's decision to award wife $400 in monthly spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>