COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JAMES D. QUINN
                                        MEMORANDUM OPINION[*]
v.   Record No. 0531-97-4                    PER CURIAM
                                         SEPTEMBER 2, 1997
VERONICA QUINN


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Marcus D. Williams, Judge

             (James McConville, on briefs), for appellant.

             (Lawrence H. Bowen; Paula W. Rank; Byrd,
             Mische, Bevis, Bowen, Joseph & O'Connor, on
             brief), for appellee.



     James D. Quinn (husband) appeals the circuit court's

decision concerning equitable distribution and other issues.

Husband contends the trial court erred by (1) incorrectly valuing

certain assets awarded to Veronica Quinn (wife); (2) awarding

spousal support to wife in light of her past employment and

current status as a student; (3) requiring husband to pay a

proportionate share of wife's survivor benefit received as part

of his military pension; and (4) awarding wife attorney's fees.

Wife contends that the trial court (1) abused its discretion in

awarding her an insufficient percentage of husband's military

retirement pay; and (2) erred in calculating the reimbursement of

a portion of the pendente lite spousal support in the

distribution of assets.  Upon reviewing the record and briefs of

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

VALUATION

Husband challenges the trial court's valuation of certain marital assets, including the marital residence, and alleges that the court failed to properly consider the statutory factors and to credit his specific expenditures. We find no error.

Husband contends that the court erroneously "split the difference" when valuing certain marital assets by assigning a value equal to the midpoint between the parties' alternative values. The valuations as determined by the trial court do not support husband's contention. Moreover, when parties present different evidence of value, the trial court is not required to accept either valuation, as long as the value is within a range supported by the evidence.

The parties and their experts valued the marital residence at a range of less than $250,000 to more than $300,000. One expert, a real estate salesperson familiar with the area, testified that the home was worth $300,000. Thus, credible evidence supported the trial court's valuation of the marital home at $300,000. As to the other real property, husband admitted purchasing the Florida condominium for $53,500 and admitted that additional improvements had been added. Thus, we find no error in the court's determination that the condominium

was worth $69,000, as testified to by wife, and not $45,140, as proffered by husband.

Although husband asserted that unspecified assets held in the safety deposit box were divided equally, wife gave a substantially more detailed listing of the contents. Husband's sister acknowledged that husband gave her gold jewelry and a kilogram of gold. Therefore, the trial court did not err in rejecting husband's proposed alternative values.

Husband also argues that the court failed to properly credit his side of the ledger when dividing the marital assets. In other words, husband challenges the distribution decision. "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). The trial court expressly noted that it considered the statutory factors when reaching its equitable distribution decision and articulated its findings on the statutory factors prior to issuing its decision from the bench. A greater monetary contribution toward the acquisition of marital property accumulated by the parties during their marriage is only one of the factors to be considered by the court when making its equitable distribution decision. Code § 20-107.3(E). Husband used marital assets, including his current earnings during the marriage, to fund the individual retirement account in wife's

3

name and to purchase the Florida condominium for wife's parents. There was no evidence that husband used his separate property to acquire these items. The trial court did not commit reversible error by failing to credit husband for these funds expended during the marriage for these assets.

Husband admits that the loans wife obtained by forging his name were not included in the final calculation of the marital estate. Two of these loans wife incurred to cover college expenses for two of the parties' sons. Under the terms of the final decree, wife was obligated to pay these loans in full upon receipt of the monetary award. We find no error.

SPOUSAL SUPPORT

Husband contends that the trial court erred by awarding spousal support to wife and by failing to impute sufficient income to wife. We disagree.

The determination whether a spouse is entitled to support and, if so, how much, is a matter within the discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done. See Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829

(1986). It is clear from the trial court's ruling from the bench that it considered the statutory factors. The court noted that wife could earn more than she was currently earning and, while not expressly imputing to wife a specific amount of income, awarded only $1,000 in monthly spousal support.

The evidence proved that wife was unable to work night shifts and that she was seeking additional education so that she could obtain a daytime nursing position. While husband contends that wife earned more in the past while working in the District of Columbia area, that evidence was insufficient to establish that wife was significantly underemployed in her current geographic location. Although husband contends that wife could have taken advantage of educational opportunities in the past, "the court, in setting support awards, must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future," or, alternatively, what could have happened in the past. Srinivasan, 10 Va. App. at 735, 396 S.E.2d at 679. It is irrelevant to the current situation that years earlier, under different circumstances, wife did not obtain additional training. Therefore, husband has failed to demonstrate that the trial court erred in its award of spousal support to wife.

While husband contends that the trial court failed to consider Code § 20-107.1(8), "[t]he provisions made with regard

to the marital property," we find no indication that husband presented this argument below. Therefore, we will not consider it for the first time on appeal. See Rule 5A:18.

Wife contends that the trial court erred by overcrediting to husband the amount of pendente lite spousal support she received following the continuance of the hearing. The hearing originally scheduled for September 10, 1996 was continued until January. In the order granting the continuance, the trial court ruled that "any reduction in the amount of spousal support ordered to be paid by [husband] at a later proceeding shall be retroactive to September 10, 1996." After the continuance, husband made pendente lite bimonthly support payments of approximately $1,400 for at least four months, for a total exceeding $12,000. In light of the court's decision to award permanent spousal support in the amount of $1,000, giving that award a fully retroactive effect would have resulted in a credit to husband of only approximately $8,000. Nevertheless, as wife had the use of the money throughout the period of the continuance, and as the credit was part of the larger distribution of the parties' various assets, debts and credits, we cannot say the court's decision to credit husband with $12,000 in payments made during this time amounted to reversible error.

### SURVIVOR'S BENEFIT

Under Code § 20-107.3(G)(2), the trial court is authorized to order the designation of a former spouse as an irrevocable

6

beneficiary "of all or a portion of any survivor benefit or annuity plan . . . ." The statute further states that "[t]he court, in its discretion, shall determine as between the parties, who shall bear the costs of maintaining such plan." Id. The trial court ruled that the husband's military retirement pay subject to proportional distribution to the parties would first be reduced by the amount of wife's survivor benefit premium. Thus, the trial court made both parties bear a portion of the costs of this benefit, in the same proportion as they received a share of the military retirement pay. The trial court acted within its express statutory authority and we find no error in the court's decision to have the parties bear a proportional share of the costs of this benefit to wife.

### ATTORNEY'S FEES

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Husband's earnings were substantially greater than those of wife. Both parties pursued fault-based grounds for divorce, which, while rejected by the commissioner, were not without some factual support. Based on the number of issues involved and the respective abilities of the

7

parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

WIFE'S SHARE OF RETIREMENT PAY

Wife sought to receive approximately forty-four percent of husband's military retirement pay, which she claimed equaled fifty percent of the marital share. See Code § 20-107.3(G)(1). Husband asserted, and the trial court agreed, that fifty percent of the marital share to which wife was entitled was only forty-two percent of the retirement pay. Husband presented evidence that he had a year of Reserve service which was creditable service for pay and retirement purposes. The trial court's determination was supported by evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.