COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick


GERALD JAMES MIATECH, JR.

MEMORANDUM OPINION[*]
v.   Record No. 1121-97-4                         PER CURIAM
                                              NOVEMBER 10, 1997
MARY JEAN MIATECH


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         J. Howe Brown, Judge

              (Judy Dugger, on briefs), for appellant.

              (Carolyn Smith Motes; Anne Goodwin; Goodwin &
              Nelson, on brief), for appellee.


      Gerald James Miatech, Jr., (husband) appeals the decision of

the circuit court awarding spousal support to Mary Jean Miatech

(wife), distributing the parties' marital assets, and awarding

wife attorney's fees.  Husband contends that the trial court

erred by (1) imposing on husband the capital gains tax liability

from the sale of the marital residence; (2) requiring husband to

attempt to persuade the Internal Revenue Service to hold wife

harmless for any portion of that tax liability; (3) refusing to

credit husband for payments made to wife after the separation;

(4) finding that husband's $10,000 payment to retire outstanding

debt on a 1993 Honda automobile was a gift to wife; (5) imputing

income to husband when calculating spousal support; and

(6) awarding wife attorney's fees.  Upon reviewing the record and

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## EQUITABLE DISTRIBUTION

As the party seeking reversal, husband bears the burden to demonstrate error by record proof. "[D]ecisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994).

## CAPITAL GAINS TAX LIABILITY

The parties sold their former marital residence in 1993. Husband purchased a new residence in 1994 for an amount greater than the selling price of the former marital residence. Wife did not purchase a home within two years of the sale. At the time of the hearing, it was unclear whether wife would be required to pay federal tax, and the associated interest and penalties, on a portion of the capital gains realized from the sale of the marital residence.

Husband contends that wife had access to the funds at all times and was able to purchase a new home within the required two-year period. However, throughout the marriage and even after the parties' separation, wife relied upon husband to prepare the parties' tax returns. On their 1993 joint federal income tax return prepared by husband after their separation, it indicated

2

that they would purchase a replacement residence within the two-year period. Wife testified that husband told her his separate purchase of a new home in 1994 resolved any capital gains liability.

Code § 20-107.3(E)(9) authorizes the trial court to consider the tax consequences to each party when determining the "amount of any division or transfer of jointly owned marital property, and the amount of any monetary award, the apportionment of marital debts, and the method of payment . . . ." The trial court found that husband received the full benefit of the rollover of the capital gains realized upon the sale of the former marital residence. Wife acted in reliance upon her understanding that husband's purchase of his new home satisfied the resulting capital gains tax liability. The distribution of the parties' assets would be significantly skewed if wife now faced substantial interest and penalties on her portion of the capital gains realized through that sale. Therefore, we find no error in the trial court's ruling that husband cooperate with wife to resolve any federal tax consequences to her due to husband's actions following the sale of the marital residence and resulting capital gains and, if necessary, reimburse wife for any capital gains tax and liability imposed upon her.

PAYMENTS AFTER SEPARATION

Husband contends that the trial court erred when it refused to credit him with all the payments he made to wife after the

3

parties' separation. In support of his contention, husband asserts that wife fraudulently induced him to make these payments pursuant to an agreement which the parties drafted but never signed. The trial court found, and the evidence documents, that the parties agreed that certain specific payments to wife by husband were an advance against the distribution of marital assets. Husband's April 16, 1996 letter to wife refers to two advances in the amount of $4,000 and $2,000. Wife did not contest that husband made these advances. Nothing indicates that the monthly payments husband paid to wife were similarly agreed to be advances against an ultimate distribution of marital assets. Husband's allegation that wife fraudulently induced him to make payments is unsupported by the evidence.

Husband agreed to pay wife $600 a month until the divorce decree was entered. Husband voluntarily increased the monthly payments to $800 when wife's rent increased. However, while the support payments were made pursuant to an agreement between the parties, rather than pursuant to a court's pendente lite order of support, husband's obligation to support wife was not merely a gratuitous act. Husband had been the sole provider for most of the marriage and remained the primary wage earner at the time of separation. Wife was entitled to continued support, not as a gift from husband, but as his obligation. See Code § 20-103(A)(i). Therefore, we find no error in the trial court's denial of credit to husband for the payments of support made to

wife during the parties' separation.

## PAYMENT OF AUTOMOBILE DEBT

Husband also contends that the trial court erred when it refused to credit his payment of $10,000 towards the purchase of a 1993 Honda for wife as an advance against the distribution of the parties' marital assets. We find no error. While husband asserts that he relied upon the unsigned settlement agreement in making the payment, the trial court noted that husband made the payment several months after he knew that the agreement was not going to be signed. In his April 1996 letter, husband wrote that "I intend to pay off the loan on the 1993 Honda tomorrow and am therefore deducting your remaining portion of the joint costs, namely Four Thousand Dollars ($4,000.00)." Husband kept the two vehicles owned by the parties at the time of separation. The trial court found that the payment for the car was in the nature of support to wife, and that husband was not entitled to credit. That finding is supported by the evidence.

## SPOUSAL SUPPORT AND IMPUTATION OF INCOME

Husband contends that the trial court erred when it awarded spousal support to wife and when it imputed income to him when calculating the support amount. We disagree.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

5

<u>Collier v. Collier</u>, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  It is apparent from the trial judge's opinion letter that he considered the statutory factors before awarding wife monthly spousal support in the amount of $400.  The judge noted that husband had several undergraduate degrees and a post-graduate degree and was seeking an additional master's degree.  Wife graduated from high school.  Husband was the primary wage earner throughout the marriage, and earned $80,000 in 1995 and $65,000 in 1996.  Wife was a full-time homemaker and military wife until late in the marriage.  Wife earned $29,000 in 1996.  Both parties were forty-nine years old and in good health at the time of the hearing, although husband received a 10% disability reduction in his retirement pay for an undisclosed reason.

"Spouses entitled to support 'have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's financial ability to pay.'"  <u>Stubblebine v. Stubblebine</u>, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (<u>en</u> <u>banc</u>).  Husband admitted that he earned $20,000 and was "underemployed," but testified that he felt no need to earn more money and only sought intellectual, not monetary, satisfaction.  He wanted to return to graduate school to obtain an additional master's degree.  The trial court noted that, at age forty-nine, husband could not retire while wife was in need of support.  Wife

demonstrated a need for continued support and husband had the earning capacity to provide support. See id. at 710-11, 473 S.E.2d at 75-76.

The evidence supports the trial court's decision to impute income to husband of $40,000 and to award wife monthly spousal support of $400. Therefore, we find no error.

ATTORNEY'S FEES

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The evidence supports the trial court's finding that husband had greater income and earning capacity than wife. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award of $6,000 in attorney's fees was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

7