COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DOUGLAS A. PERRY, SR.

                                        MEMORANDUM OPINION[*]
v.   Record No. 1917-97-1                    PER CURIAM
                                          MARCH 31, 1998
DORIS E. PERRY


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Westbrook J. Parker, Judge

            (J. Wayne Sprinkle, on brief), for appellant.
             Appellant submitting on brief.

            No brief for appellee.



     Douglas A. Perry, Sr. (husband) appeals the decision of the

circuit court.  Husband contends that the trial court erred by

(1) awarding spousal support to Doris E. Perry (wife); (2)

awarding attorney's fees to wife; and (3) allowing wife to pay

husband one-half the value of marital possessions she retained.

We disagree and affirm the circuit court's decision.

     The evidence on equitable distribution was heard by a

commissioner in chancery.  The commissioner's report "should be

sustained unless the trial court concludes that the

commissioner's findings are not supported by the evidence."  Hill

v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984)

(citations omitted).  "On appeal, a decree which approves a

commissioner's report will be affirmed unless plainly wrong."

─────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Id. at 577, 318 S.E.2d at 296.  The trial court held a hearing on spousal support and attorney's fees, and its decision is presumed to be correct.  See Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

### Spousal Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

Husband contends that the trial court erred by awarding wife spousal support because he lacked the ability to pay support due to his expenses and outstanding loans.  He further contends that wife did not need spousal support in light of her employment income and her share of his monthly retirement pay.  These contentions lack merit.

Wife presented evidence that she was unable to meet her current expenses without borrowing and using credit cards.  Her standard of living had declined since the marriage ended.  Wife's

2

health was poor, and her residence needed repairs she was unable to afford. While wife's estimate of monthly income and expenses showed a surplus of $47, the listed expenses reflect conservative cost estimates, with few if any provisions for unexpected emergencies, medical bills, or extensive home repairs.

Husband's income was almost twice that of wife. Husband's income and expense statement indicated that he had a monthly deficit of $1,700, including over $1,200 in monthly debts for marital and post-separation debts which husband alleged totaled $25,000.

The trial court indicated that it considered the statutory factors, in particular the standard of living established during the marriage, the length of the marriage, the parties' physical conditions, and their property interests. Inherent in the trial court's award are its credibility determinations based upon the parties' testimony regarding their expenses. Evidence supports the trial court's decision to award wife $600 in monthly support. Therefore, we affirm its award.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277,

338 S.E.2d 159, 162 (1985).

Here, husband presented evidence that he had incurred over $12,000 in attorney's fees. Wife's counsel indicated that that amount was reasonable in light of the number of hearings and that wife's fees were equal to those of husband. Based on the evidence and the parties' respective abilities to pay, we cannot say that the award of $6,000 to wife was unreasonable or that the trial judge abused his discretion in making the award.

### Equitable Distribution

Husband contends that the trial court erred when it allowed wife the option to pay husband one-half the value of any marital possessions she retained. While husband asserts that "these items" were important to him, he fails to identify the items to which he refers or to indicate why they are important to him. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). We do not consider this argument further.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

4