COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


PAUL E. WILLIAMS
                                        MEMORANDUM OPINION[*]
v.   Record No. 2122-97-4                  PER CURIAM
                                        APRIL 21, 1998
LUCILLE I. WILLIAMS


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Dennis J. Smith, Judge

            (Edward V. O'Connor, Jr.; Byrd, Mische,
            Bevis, Bowen, Joseph & O'Connor, on briefs),
            for appellant.

            (Dennis M. Hottell; Carolyn T. Hogans;
            Dennis M. Hottell & Associates, on brief),
            for appellee.


     Paul E. Williams appeals the decision of the circuit court

awarding spousal support to his wife, Lucille I. Williams.  The

husband contends that the trial judge failed to properly consider

(1) the parties' earning capacities, obligations, and financial

resources; (2) the standard of living established during the

marriage; (3) the property interests of the parties, and (4) the

evidence concerning the value of an outstanding marital debt.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Spousal Support</u>

The husband challenges the trial judge's determination of spousal support under the statutory factors set out in Code § 20-107.1.  On appeal, we review the trial judge's decision for an abuse of discretion.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

<u>Collier v. Collier</u>, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

<u>Parties' Earning Capacities, Obligations</u>

<u>and Financial Resources</u>

The husband contends that the trial judge failed to properly consider the parties' earning capacities, obligations and financial resources.  Specifically, he argued that the judge erred by failing to impute income to wife.

Although a party seeking spousal support is obligated to earn as much as is reasonably possible in order to reduce the amount of support needed, the decision whether to impute income is left to the discretion of the trial judge.  <u>See</u> <u>Srinivasan v. Srinivasan</u>, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990).  The evidence proved that the wife had a high-school degree and worked for the same insurance company since 1978.  She worked twenty-eight hours a week in a position that was not available

2

full-time.  Her annual earnings from 1994 through 1997 ranged from $17,044 to $17,500.  The trial judge found that wife "is exercising the full amount of her earning capacity."

The husband earned from $122,608 to $133,271 annually between 1994 and 1997.  Although he earned additional income as an adjunct professor and an administrative judge, the trial judge found that his extra income was uncertain at the time of trial.  The trial judge determined that husband had a "significantly greater" earning capacity than wife.

The trial judge also determined that the parties' joint real estate holdings totaled $315,038 in equity, of which wife received $166,300 and husband received $148,738.  The wife also received a $15,000 monetary award payable upon the sale of the first of two pieces of realty.  Both parties were ordered to bear costs associated with the property they received, except that the wife was ordered to share equally in any liability resulting from a tenant's suit on certain property awarded to the husband.

Upon our review of the record, we conclude that the trial judge's factual findings are supported by the evidence.  We find no basis to support the husband's arguments that the spousal support award failed to take into consideration the parties' financial obligations and resources and that the judge's distribution improperly increased wife's financial resources and diminished his.

Standard of Living Established During the Marriage

3

The husband also contends that the trial judge failed to properly consider the standard of living established during the marriage. The judge found that "the standard of living during the marriage increased until it was very good. They lived in fine homes, vacationed a few times a year." The record establishes that the trial judge considered this statutory factor. The evidence supports the judge's findings.

### Parties' Property Interests

The husband further contends that the trial judge failed to consider the parties' property interests, particularly the income-producing potential of the property awarded to the wife. At trial, the husband introduced evidence indicating that, in the past, expenses attributable to the parties' rental property regularly exceeded the income. The husband testified that one of the properties which was later awarded to wife, "has proven, lately, to be a disaster" due to problems collecting rent from or evicting the tenants. The evidence does not demonstrate that the trial judge abused his discretion when considering this factor.

### Marital Debt

Finally, the husband argues that the trial judge erred in valuing at $4,000 an outstanding debt owed to the parties from previous tenants. The husband had not located the former tenants at the time of trial, and he testified that the debt "is not going to be collected if I can't find them." However, husband did not testify that he had terminated efforts to collect the

4

debt.  Therefore, we find no error in the trial judge's valuation of the debt at $4,000.

For these reasons, we hold that the trial judge considered the statutory factors and made factual findings that are supported by evidence.  Because the trial judge's determination of spousal support was not a clear abuse of discretion, we summarily affirm the decision.

<u>Affirmed</u>.