COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Bumgardner

MARSHALL WILBER WOODWARD, II

v.   Record No. 2525-97-2

LORETTA MAE WOODWARD

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 28, 1998

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

(George C. Rawlings, Jr., on brief), for
appellant.

(R. Scott Pugh, on brief), for appellee.


Marshall Wilber Woodward, II, (husband) appeals the decision of the circuit court awarding $500 in monthly spousal support to Loretta Mae Woodward (wife). Husband contends that the trial court erred in awarding wife spousal support because wife was guilty of misconduct through post-separation cohabitation with another man. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

The parties submitted evidence by way of deposition.  The trial court found that wife was disabled, and received $1,086 in monthly disability retirement income.  Husband earned $35,000 a year.  Both parties worked throughout the marriage.  Wife testified that she needed assistance to pay rent and utilities on an apartment for herself and the parties' minor child.

Husband sought and was granted a divorce on the ground of a one-year separation.  He did not allege adultery as a ground for divorce.  Wife failed to present sufficient evidence to corroborate her alleged grounds of adultery and cruelty.  The trial court denied husband's motion to reconsider the award of spousal support on the basis of wife's misconduct in living with another man and in using drugs.

On appeal, husband has failed to provide citations to evidence in the record supporting his allegations that wife was guilty of misconduct.  See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Even if we assumed that husband presented sufficient evidence to support his allegations, that

2

evidence would not preclude an award of spousal support to wife under Code § 20-107.1, if other evidence established that support was warranted.  See generally Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988) ("Had the legislature intended misconduct or illicit cohabitation to terminate spousal support, it could have so provided as it did with death and remarriage.").  The trial court noted that it considered the statutory factors and the evidence before awarding wife $500 in monthly spousal support.  Credible evidence established that wife's income was less than half of husband's income and that wife continued to need financial assistance to pay for housing and other expenses.  Therefore, husband has failed to establish that the trial court abused its discretion by awarding spousal support to wife.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.