COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


GEORGE A. ROUSSEL, IV
                                        MEMORANDUM OPINION*
v.    Record No. 1562-02-3                  PER CURIAM
                                         NOVEMBER 5, 2002
PATRICIA A. ROUSSEL


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    John J. McGrath, Jr., Judge

            (Stephen G. Cochran; Womble Carlyle
            Sandridge & Rice, PLLC, on brief), for
            appellant.

            (David A. Penrod; Hoover, Penrod, Davenport &
            Crist, on brief), for appellee.


     George A. Roussel, IV appeals the trial court's award of

spousal support to Patricia A. Roussel.  On appeal, husband

contends the trial court abused its discretion in awarding spousal

support for an indefinite period of time and in determining the

amount of spousal support.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Rule 5A:27.  Accordingly, we affirm the judgment of the trial

court.

                          BACKGROUND

     "On review, we consider the evidence in the light most

favorable to the party prevailing in the trial court."

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 31 (1989).  The trial court made the following findings concerning the couple's lifestyle:

> Irrespective of what may be said, [husband's attorney]'s minimizing of it, and it is true that it is probably not a lifestyle that would make headlines in the lives of the rich and famous, but it certainly is by community standards a very luxurious lifestyle.  A twin engine airplane. Apparently a very fancy cabin cruiser or fishing troller or yacht that they used. Trips to the Carribean.  Trips to Mexico. And even the fact that they may have been paid in whole or in part by drug companies does not take away from the fact that it established a certain level of a certain lifestyle during the course of the marriage. In that regard the [c]ourt finds that the lifestyle was quite opulent.  And although they did exercise frugalities in order to obtain some of these more expensive luxuries they nevertheless had a good lifestyle.

In its decision announced from the bench, the trial court stated that it considered the factors in Code § 20-107.1(E) in determining the support award.  The trial court also reviewed its reasons for awarding wife $2,250 per month in support, payable until the death of one of the parties, wife's remarriage, or other statutory basis upon which the support could be terminated.

## ANALYSIS

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties.  [The court] is guided by the . . . factors that are set forth in Code § 20-107.1.

-

When the [trial court] has given due consideration to these factors, [its] determination will not be disturbed on appeal except for clear abuse of discretion." Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (citation omitted).

The record clearly reflects the trial court considered the statutory factors in Code § 20-107.1, with emphasis upon those factual findings deemed pertinent to the decision, all of which were well supported by the evidence. The court indicated it considered husband's adultery, the financial resources of the parties, the lifestyle of the parties during the marriage, the length of the parties' marriage, the monetary and non-monetary contributions of each party, the property interests of each party, and the earning capacity of each party in its determination of the award. The trial court's decision was based upon the required factors.

Husband argues that the trial court failed to consider the parties' respective obligations and needs. Both parties introduced numerous exhibits into evidence consisting of documentation and affidavits addressing their financial

-

circumstances.  Furthermore, the trial court specifically found that husband had "significantly more resources" than wife "in terms of assets."  The court also concluded that husband had the ability to generate income that was three to four times the income of wife.  The trial court's rulings were not plainly wrong or without evidence to support them.

Husband contends the trial court abused its discretion in finding that the parties led a luxurious lifestyle during the marriage.  However, the trial court found that "by community standards," the parties led a "very luxurious lifestyle."  The parties stipulated that wife's income was $40,000 per year.  At the time of the divorce, husband was self-employed as a medical doctor.  The trial court found that husband's income was $144,000 per year.  Furthermore, the evidence showed that the parties lived in a large house located on thirty-five acres of land, owned an airplane, owned a cabin cruiser which was docked near the Chesapeake Bay, traveled extensively, and divided property valued at over one million dollars.  This evidence clearly supported the trial court's findings.

Husband asserts the trial court relied "overwhelmingly" on his marital fault and used the spousal support award to punish him.  We find no support for this allegation.  While the trial court stated that husband's adultery tipped the scale in favor of wife, the trial court listed numerous other factors it considered in determining the spousal support award, including

-

the lifestyle of the parties during the marriage and the discrepancy in the incomes of the parties.

Husband argues the trial court failed to consider his actual ability to pay spousal support. Husband introduced into evidence financial documents and affidavits showing his expenses and financial circumstances. In addition, the trial court specifically found that husband's "earning capacity is such that he has a substantial ability to make payments." Therefore, the record indicates the trial court considered this factor.

Husband contends the trial court abused its discretion in awarding support for an indefinite period of time. "[Code § 20-107.1] does not require the trial court to specify the date of termination of a spousal support award. In fact, the language allows the trial court to order an award for an undefined duration." Joynes v. Payne, 36 Va. App. 401, 423, 551 S.E.2d 10, 21 (2001). Therefore, the trial court did not abuse its discretion.

Husband argues the trial court abused its discretion in determining the amount of the support award. As stated above, the trial court carefully considered the necessary factors and based its determination upon the evidence presented, the relative needs of the parties, and their ability to pay. The trial court's decision is well supported by the evidence.

Wife has requested that we remand to the trial court the issue of whether she is entitled to recover her attorney's fees

-

and costs incurred in this appeal.  Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal.

For the foregoing reasons, we affirm the trial court and remand to assess the wife's reasonable attorney fees for this appeal.

<u>Affirmed and remanded.</u>