COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


SCOTT ALLEN McNAMARA

                                                            MEMORANDUM OPINION[*]
v.        Record No. 0742-05-4                                    PER CURIAM
                                                             FEBRUARY 14, 2006
CAROL RICHTER McNAMARA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. McKay, Judge

(Scott A. McNamara, *pro se*, on brief).

No brief for appellee.


        Scott A. McNamara, husband, appeals the trial court's award of spousal support to Carol R.

McNamara, wife.  Husband argues on appeal the trial court abused its discretion by awarding

spousal support to wife for an undefined duration and the evidence did not support the award.  Upon

reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

Background

        On appeal, we view the evidence and all reasonable inferences in the light most favorable to

appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d

344, 346 (1990).

        Husband and wife were married on April 21, 1984.  They separated in 2003 and were

divorced by final decree entered on February 23, 2005.  They had three children during the

marriage.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the December 18, 2004 hearing, the trial court made a number of factual findings and addressed many of the factors of Code § 20-107.1(E) related to spousal support awards. Husband is a plastic surgeon with an office in Washington, D.C. The trial court found that, during the marriage, wife "devoted herself utterly to the family enterprise that was her husband's practice." The court also found that wife contributed monetarily to the marriage, primarily at the beginning of the marriage when husband was in training. Her contributions became more non-monetary when husband began practicing medicine, although she remained "pivotal in the running of his business." The court noted that wife decorated husband's office, managed office staff to promote his business, "was instrumental in overseeing" husband's accounts, and networked with organizations to promote his interests.

Wife was the primary caretaker of the children during the marriage. Both parties are in their mid-forties and presented no evidence of health issues. The parties had few marital assets. The trial court found that the parties lived a "very extravagant lifestyle." Wife presented evidence that she spends $10,522 per month to maintain her household, and husband presented evidence that he spends $8,678.19 per month to maintain his household. Wife intended to return to employment in January 2005, earning $25,000 per year.

Husband presented evidence that his income had decreased from about $300,000 per year to about $30,000 per year over the past ten years. However, based on the evidence presented, the trial court imputed income of $150,000 per year to husband. The court awarded wife $40,000 of the marital assets. The trial court also awarded wife spousal support of $3,000 per month, stating it was wife's "only way of any kind of security for the future at all."

<u>Analysis</u>

Code § 20-107.1(C) provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the . . . factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for clear abuse of discretion.

<u>Collier v. Collier</u>, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

At the December 18, 2004 hearing, the trial court considered the factors of Code § 20-107.1(E) in making the spousal support award. The court particularly referenced the obligations, needs, and financial resources of the parties; duration of the marriage; age and physical condition of the parties; circumstances and factors which contributed to the dissolution of the marriage; income and earning capacities of the parties; standard of living established during the marriage; contributions, both monetary and non-monetary, of each party to the well-being of the family; and the decisions regarding employment and career economics made by the parties during the marriage and their effect on present and future earning potential. <u>See</u> Code § 20-107.1(E).

As we stated in <u>Joynes v. Payne</u>, 36 Va. App. 401, 551 S.E.2d 10 (2001), "[Code § 20-107.1] does not require the trial court to specify the date of termination of a spousal support award. In fact, the language allows the trial court to order an award for an undefined duration." <u>Id.</u> at 423, 551 S.E.2d at 21. Given the economic circumstances of the parties and the improbability that the disparity in the incomes of the parties will significantly change in the future, we cannot say the trial court abused its discretion in its ruling. Finding no "clear abuse of discretion," we will not disturb the trial court's decision.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>