FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN,
JOHN E. FOSTER AND MERRITT LANE, VICE-
CHANCELLORS.

JEFFREY J. ROGERS, petitioner,

*v.*

JULIA ROGERS.

[Decided May 29th, 1918.]

1. The corroboration of petitioner's testimony required by the law of this state, in order that a decree of divorce may be granted, need not be the testimony of witnesses, although, when such testimony can be procured, it should be introduced. The required corroboration may be furnished by surrounding circumstances adequately established.

2. A misleading statement in the third syllabus in *Foote v. Foote, 71 N. J. Eq. 273*, pointed out.

1

This matter was referred to Alonzo Church, Esquire, advisory master, who filed the following conclusions:

"On final hearing on petition for divorce and proofs *ex parte.*

"This is a petition for divorce on the ground of adultery. The testimony of the petitioner is corroborated by the confession of the defendant, and by admissions made by her to a friend who testified to them before the special master. Were this all the evidence I should be forced to the conclusion that the case was one coming under the rule laid down in *Garrett* v. *Garrett, 86 N. J. Eq. 293,* where the chancellor held that testimony of the petitioner, corroborated only by the admissions or confession of the defendant, will not, without more, support a decree. There is another principle, however, of the law of evidence in divorce cases, which is sometimes overlooked, but which is highly important in the determination of these causes.

"The chancellor, in *Garrett* v. *Garrett, supra,* held that a decree cannot be granted upon the uncorroborated testimony of the petitioner, nor upon the uncorroborated confession of the defendant, nor upon one plus the other. He adds, however, that both are admissible in evidence, but must be corroborated to amount to legal evidence. This brings us to a consideration of what is corroboration. It need not necessarily be the testimony of witnesses, although when such testimony can be procured, it is important that it be introduced. Corroboration may arise out of facts and circumstances.

"In *Orens* v. *Orens, 88 N. J. Eq. 29,* it was held *inter alia:* " 'The corroboration of a petitioner's testimony, required by law, in order that a divorce may be decreed, need not be the testimony given by another or other witnesses to all of the same identical facts to the minutest particulars, but only their giving such facts in evidence as already testified to by petitioner, or such circumstances tending to establish them, as renders petitioner's testimony so much more probable as to be legally acceptable, and which serves to empower the judge to accept the truth of the petitioner's whole story.'

"The case of *Foote* v. *Foote* (*Court of Errors and Appeals*), *71 N. J. Eq. 273,* is cited in the *Orens Case* as authority for the above proposition, as is also *Williams* v. *Williams, 78 N. J. Eq. 13.*

"In the *Foote Case* (at *p. 280*) the court says: 'If the circumstances of the case as shown by the expressions and conduct of the defendant, together with the letters of the parties, all corroborate the testimony of the complainant, the case is complete.' This case, of course, was decided upon its own particular facts, as, indeed, every case should be, and it might be thought, in the absence of corroboration by witnesses, that both conduct of the defendant and letters of the parties, or at least of the defendant, must necessarily be shown to afford corroboration. I do not so take it. In the case of *Robinson* v. *Robinson, 83 N. J. Eq. 150,* Vice-Chancellor Leaming held that corroboration of the testimony of a petitioner need not be by other witnesses but may be furnished by surrounding circumstances, and remarked (at *p. 152*) that surrounding circumstances adequately established may be of a nature to fully supply the office of corroboration which the law requires in matrimonial cases. In other words, letters and conduct, or either, if established with sufficient clearness, form, as it were, the general atmosphere of the case, which, taken as a whole, will establish a proper basis for a decree, even though there are no corroborating witnesses to the acts alleged by the petitioner.

"Applying the above principles to the case under discussion we find, in addition to the evidence mentioned above, that there are in evidence letters, post cards and pictures which were found in the defendant's valise. They were sent to her by several different men, some of whom are named as corespondents. When confronted with these, the defendant confessed, and they are evidence corroborating the confession. The petitioner's mother testifies that the defendant received a large amount of mail, which she refused to read except in private. When the husband desired to read a letter, directed to her as 'Miss,' defendant snatched it out of his hand and ran upstairs with it; and these facts are corroborating circumstances.

"Upon considering the whole case, therefore, I conclude that there is sufficient corroboration of the petitioner's testimony from the defendant's ·confession, corroborated by the above circumstances, to justify a decree for the petitioner which I shall accordingly advise."

*Mr. Carl Weitz,* for the petitioner.

WALKER, CHANCELLOR.

A decree of divorce *nisi* will be made in conformity with the advice contained in the conclusions of Advisory Master Church, which are hereby adopted as the opinion of the court.

As the case of *Foote* v. *Foote, supra,* is cited in the opinion of the learned master, I desire to call attention to a misleading statement in *syllabus 3.* It is found in this expression: "Under a statute requiring corroborative evidence * * * to obtain a divorce," &c. There is no statement in the body of the opinion that corroboration of the petitioner's testimony in divorce cases is required by *statute;* and properly so, as there is no statutory requirement in that regard. It is part of the substantive law of divorce evolved by the court as a matter of sound public policy, and resides in numerous decisions.

I have examined the original opinion on file in the secretary of state's office and find that Judge Vroom, who wrote the deliverance for the court of errors and appeals, did not preface it with any head-note whatever. The *syllabus* in the official report is copied from the report of the same case in *65 Atl. Rep. 205.* The error, therefore, appears to have originated with the editor of the Atlantic Reporter, and to have been copied by the official equity reporter. The one with whom the mistake originated was doubtless misled by an assertion in the opinion—*71 N. J. Eq.* (at *p. 280*)—where it is stated that it was insisted that the corroborative testimony offered did not extend to all the essential elements of the offence "defined by our statute." It is the elements of *matrimonial offences* that are defined by our statute, and there is, as stated, no statutory requirement that there shall be corroborative testimony. That there must be corroboration, however, is established by a long line of cases.