# Richmond

HENRY A. BROWN, ADMINISTRATOR OF THE ESTATE OF
ELLA B. COATES, DECEASED V. CHARLES O. COATES.

November 14, 1935.

Present, All the Justices.

The opinion states the case.

*W. F. Moffett* and *Burnett Miller,* for the appellant.

*Weaver & Armstrong,* for the appellee.

HOLT, J., delivered the opinion of the court.

On January 1, 1929, Miss Ella B. Coates, then about seventy years old, died at her home in Rappahannock county, leaving to survive her two brothers and a number of nieces and nephews. At the time of her death she owned a two-ninths interest in a 360 acre farm and was tenant for life in the interest outstanding. Her personal estate amounted to about $8,000. The land itself was sold for $17,500, which has been properly disbursed. So also has been distributed the personal estate less $4,000, held to await the result of this litigation.

Charles O. Coates, a nephew, undertook to set up a lost will which gave him everything had his statement of its provisions been accepted. The will itself was never produced and in this attempt he failed.

On February 6, 1929, Harry A. Brown qualified as administrator of this intestate. Afterwards a niece, Flora Dulaney Gallihugh, instituted a chancery suit in the Circuit Court of Rappahannock county, her purpose being to have partitioned or sold her aunt's real estate, and generally to distribute her property among those entitled thereto. In that suit this nephew, Charles O. Coates, undertook to establish a partnership with his aunt, and claimed one-half interest in her personal estate. The matter was referred to a commissioner of chancery who was of opinion that the claim was good and so reported. There were exceptions filed to this report and the cause was removed to the Circuit Court of Warren county. That court was of opinion that a partnership had not been

established, but only an executorial agreement to form one. Such a conclusion did not preclude Charles from setting up against the estate of his aunt any indebtedness due him from her, and with this in mind the chancellor directed "that a jury be impaneled to try and determine at the bar of this court the issue of fact involved, that is, in what sum is the estate of Ella B. Coates indebted to Charles O. Coates." The jury on issues thus submitted found that there was due to Charles O. Coates $1,137.02, with interest from June 26, 1929. That verdict the chancellor approved and from his decree of approval this appeal has been taken.

Charles O. Coates, when twenty-one years old, went north and into business first in Pennsylvania and afterwards in Connecticut. He appears to have been fairly successful but in 1927 his health failed, he sold out to his associates and came back to Virginia. Not long afterwards, at his aunt's invitation, he went to her home to live and continued there with a short interruption until her death. Evidence amply tells us that he was beloved and trusted by her. He was her companion and in a general way superintended her affairs. This situation continued until the latter part of December, when both of them were stricken down with pneumonia. She, as we have seen died on the first of January. He finally recovered.

As we have seen, the appellee failed in his effort to set up a lost will. He likewise failed in his effort to establish a partnership. He did succeed in proving to the satisfaction of a jury and of the court below that there was due to him from the estate of his aunt the sum of $1,137.02. This judgment we are asked to set aside as unsupported by evidence. Primarily it rests upon the testimony of the claimant. Since his aunt is now dead it is of course necessary that he be corroborated. Code, section 6209.

There is no rule to tell us what is adequate corroboration. Each case rests on its own peculiar facts and circumstances. *Burton's Ex'r* v. *Manson,* 142 Va. 500, 129 S. E. 356; *Timberlake's Adm'r* v. *Pugh,* 158 Va. 397, 163

S. E. 402. A number of items go to make up his recovery. In most cases his testimony as to them is sufficiently supported. That, however, is not true as to an item of $500.50, as to which these facts appear. A Mr. Revercomb had for sale fifteen fat cattle. Mr. Coates agreed to buy them, and told his aunt of his purpose. She said to him, "If you do I want nine of them." We think the evidence satisfactorily shows that the purchase was consummated and that the aunt took title to nine and the nephew to six. When the time came to pay the aunt paid not for her nine but for the fifteen, paying by check. Afterwards, the nephew sold his six. The purchaser started out to make to him a check therefor, the amount due, $500.50, but Coates told him to make it to his aunt and not to him. This was done and he deposited it to her credit in bank. His statement is that he had actually repaid the money advanced and had paid it in cash which he got out of a trunk, that this check which he deposited to the credit of his aunt, and which was in truth his, he deposited because of the partnership which they had agreed upon. The purchase by him of six cattle is sufficiently corroborated but not only is there nothing to show that he paid for them but from the weight of evidence it affirmatively appears that he did not. We are of the opinion that appellee's judgment should be credited by the sum of $500.50.

As we understand, the objection to other items approved is not that there is no corroboration but that appellee's claim is unbelievable and that an unbelievable statement primarily should not be accepted even by a jury, and certainly can not be corroborated. It is further contended that his testimony is full of inconsistency and that contradictory statements cannot be corroborated. *Ratliff* v. *Jewell,* 153 Va. 315-326, 149 S. E. 409, 67 A. L. R. 1541. All of this we may concede but without undertaking to examine in detail the number of items allowed, we shall content ourselves with saying that the evidence to support them is not unbelievable and is not so contradictory as to be incapable of confirmation.

Evidence was offered tending to show that during the period covered by his claim Coates burned his automobile that he might collect insurance. It was rejected.

Plainly it is competent to show that a man pretending to be wealthy is in fact a bankrupt. Such evidence tends to show that one did not have the money to do those things which he said he did. But if one claims to have paid out money for another, it does not discredit that statement to show that funds came into his hands about that time, although the source from whence they came be tainted. As a matter of fact Coates had ample other resources. He had sold his interest in his northern business for about $7,000, net, and there had actually been paid to him on November 1, on account of said sale, $2,000.

We are strengthened in the conclusion we have reached by another reason. If we except the item of $500.50, those approved by the jury's verdict in the main are sustained by corroborative evidence which would have supported them had Coates not testified.

■ Appellant offered an instruction defining corroborative evidence. It was a good instruction. The trial court did not give it but of its own motion gave another, which also was a good instruction. We think that tendered should have been given, but since a good instruction was actually given, and covered the case, this is not reversible error. There are other objections made to instructions given. They are without merit. The jury was properly and sufficiently instructed.

■ The apportionment of costs is a matter within the sound judicial discretion of the trial court. We see nothing to indicate that that has been abused. Cross-error is assigned because the jury in the trial court rejected an item of $1,400 which appellee claims to have paid to his aunt. We think it properly rejected in that there was no substantial corroboration.

Said judgment for $1,137.02 must be credited by $500.50, and, as thus modified, it must be affirmed.

*Modified and affirmed.*