# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

·HESTER HICKS GRAVES v. THOMAS T. GRAVES.

April 21, 1952.

Record No. 3913.

Present, All the Justices.

660

The opinion states the case.

*B. A. Lewis,* for the appellant.

*Emerson D: Baugh,* for the appellee.

HUDGINS, C. J., delivered the opinion of the court.

Hester Hicks Graves, appellant, obtained this appeal from a decree granting her husband, Thomas T. Graves, a divorce on the ground of desertion. Appellant's only contention is that there was no corroboration of appellee's testimony, hence the evidence was insufficient to support his charge of wilful desertion.

Appellee testified that when the parties were married on April 13, 1942, he was 51 and his wife, a widow, with no children, was over 43 years of age; that he desired to live in a house owned by him, but his wife stated that she preferred to live with her father who was old and needed her attention. His wife's sister and her husband, Bernard Gilliam, with their children, lived in this home. For some time after the marriage he worked at Camp Pickett. On June 15, 1943, he went to work in Maryland and returned home every six weeks. After the father died another sister living in New York "sent the children down from New York for me to take care of." Living conditions in the home were crowded and unpleasant. After his wife declined to live in his home "because she was afraid of foxes," appellee bought another tract of land near his sister and selected a site, approved by his wife, for the building of a new house. Later his wife changed her mind and told him that she was not going to move there with him. On this final refusal, December 27,

1945, he moved to his sister's which has been his home since that time.

Appellee, on cross-examination, stated that prior to 1945, he asked his wife to live with him in Maryland where he would get a house for her, or they would board and she could work in the factory, but she preferred to live with her people and raise chickens which he bought for her. He has not lived with his wife since December, 1945. He heard she was living in New York.

■ ■ While the relation of husband and wife has been modified in many respects by statute, a husband still has the right to select the place of abode and a wife must acquiesce in such selection, provided the decision of the husband is not unreasonable, arbitrary and unjust, and not used as a means of procuring a dissolution of the marital relation. If the husband changes his place of abode and the wife, without legal excuse, refuses to live there with him, such refusal constitutes desertion on her part. *Burk* v. *Burk,* 21 W. Va. 445; *Hall* v. *Hall,* 69 W. Va. 175, 71 S. E. 103, 34 L. R. A. (N.S.) 758.

The site selected by the parties for building a new home was in sight and calling distance of the home of appellee's sister, and at least one other neighbor. Appellee told his wife that if she desired, he would get two of his nieces or nephews to live with her while he was away, or she could get two or three of her own people to live with her; that he was willing, to support some of his wife's people if they lived with her in a home selected by him, but he was not willing to support his wife's nieces and nephews in a house owned and controlled by someone else.

Appellant in her answer denied the allegation of the bill, and prayed that the court require her husband to pay her reasonable expense in defending the suit, including an attorney's fee, and for her support and maintenance "pending determination" of the suit "and thereafter as the court may determine." She introduced no evidence in her own behalf.

■ The only question is whether there is sufficient corroboration of appellee's testimony to comply with the statute (sec. 20-99). The question of corroboration is one of fact, the decision of which in each case depends upon the peculiar facts of that particular case. It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential charge stated as a ground for divorce. The corroborative testimony need not be sufficient, standing alone, to prove the

alleged ground for divorce. Any other rule would deprive the testimony of the complaining spouse of any practical effect. The general rule is that where a particular fact or circumstance is vital to complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential. The main object of the provision of the statute requiring corroboration is to prevent collusion. Where it is apparent that there is no collusion, the corroboration needs to be only slight. *Forbes* v. *Forbes*, 182 Va. 636, 29 S. E. (2d) 829; *Bowersox* v. *Bowersox*, 157 Md. 476, 146 A. 266, 65 A. L. R. 165, Annotation 169; 17 Am. Jur., Divorce and Separation, sec. 386, p. 338.

Mr. Justice Eggleston, in *Forbes* v. *Forbes, supra,* quoted with approval the following language of Mr. Justice Holt in *Martin* v. *Martin,* 166 Va. 109, 116, 184 S. E. 220: "Corroboration rests in the facts and circumstances of each case. Only those facts necessary to the judgment must be supported. 'Confirmation is not necessary for that removes all doubt, while corroboration only gives more strength than was had before.' *Timberlake* v. *Pugh,* 158 Va. 397, 163 S. E. 402, 404; *Burton* v. *Manson,* 142 Va. 500, 129 S. E. 356; *Brown* v. *Coates,* 165 Va. 254, 182 S. E. 554. It need not rest in the testimony of witnesses but may be furnished by surrounding circumstances adequately established. *Rogers* v. *Rogers,* 89 N. J. Eq. 1, 104 A. 32."

Elizabeth Cabiness, appellee's sister, testified that she did not know just when the parties separated, but that her brother had been living with her since 1945; he owned a home in which his wife refused to live; he bought land adjoining hers and she was present when they selected a site on which to build a new home. The wife, in expressing her approval, said: "It was a pretty place to build." This place was in calling distance of her home and close to another neighbor. Later her brother's wife refused to live there and told the witness "it was too far back. She did not want to live there;" Bernard Gilliam, his family, and several other children lived in the home with her brother and his wife before they separated.

Robert K. Cunningham, a mail carrier, stated that he had known appellee all his life and appellant for approximately 20 years; that they lived on his mail route and he saw them two or three times a week; appellee worked in Maryland and came home every three or four weeks; eight or ten people lived in the house with them; he knew the land owned by appellee, at least two other families lived close by the place upon which appellee pro-

posed to build a home, and there was no reason why anyone should be afraid to live there.

The testimony of the two witnesses corroborates the testimony of the husband in the following vital particulars: (1) the refusal of the wife to live with her husband on his own land; (2) the parties have been living apart since December, 1945; (3) the conditions in the home selected by the wife and which she refused to leave, were congested; (4) the husband worked in Maryland and the wife lived in Brunswick county with her sister and seven or eight nieces and nephews; (5) the wife never complained about her husband's mistreatment or failure to support her when they lived together; (6) the site upon which the husband desired to build was suitable, close to and in calling distance of neighbors.

This corroborative testimony gives more strength to, and tends to produce belief and confidence in the truth of the statements made by appellee, which was not the case in *Raiford* v. *Raiford, ante,* p. 221, 68 S. E. (2d) 888.

The refusal of the wife to live with her husband in the home selected by him, without legal justification, constitutes desertion, and proof that the refusal has been uninterrupted and continuous for the statutory period, without more, is sufficient to establish an intent to break off the marital relation.

The uncontradicted testimony of appellee, and the testimony of his corroborating witnesses, are sufficient to support the decree of the trial court.

In accordance with the prayer of appellant, the decree of the trial court will be affirmed, and the appellee required to pay to the appellant her costs in this court (including the cost of printing her brief), and to the attorney for the appellant a fee of one hundred fifty dollars for the preparation of her brief and oral argument in this court.

*Affirmed.*