# Richmond

BILLY BODKIN LEE v. COMMONWEALTH OF VIRGINIA.

October 13, 1958.

Record No. 4829.

Present, All the Justices.

The opinion states the case.

*T. W. Messick* (*Charles H. Hammer*, on brief), for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

On June 17, 1957, pursuant to a jury verdict, appellant, Lee, was sentenced to serve six months in jail for petit larceny.

The warrant on which Lee was tried charged that he did unlawfully and fraudulently "dispose of and embezzle from Douglas Pearce, Inc., one 6:70 x 15 [recapped automobile] tire of the approximate value of $16.15, which was entrusted and delivered to him by virtue of his office, trust and employment with the said corporation, by selling and delivering said tire to Garland Showalter in said county and receiving the purchase price thereof and diverting said proceeds to his own use with the intent of permanently depriving the said corporation thereof, against the peace and dignity of the Commonwealth of Virginia; amended to read second offense."

The Commonwealth sought to establish through witness, Douglas Pearce, owner of Douglas Pearce, Inc. (a recapping tire business), that Lee took the tire, sold it to Showalter, and failed to account for the proceeds. Pearce testified that he had personally searched the records of his corporation and found no entry showing that the proceeds from the tire had been accounted for.

Kathleen Huffman, the bookkeeper for the corporation, testified that she had examined the company records and found no entry recording the sale of the tire nor any entry showing payment therefor. It was conceded by both witnesses that all the records of the corporation could not be produced due to the fact that the major portion of them had been destroyed by fire.

Pearce also testified that in his absence Miss Huffman and Lee were in full charge of the business, and that Lee had a right to sell tires both at wholesale and retail; that he had a right to purchase tires for his own use at less than wholesale price; and that the tire in question had a wholesale value of approximately $10. Pearce further testified that it was the practice of the corporation to sell employees of his customers tires at wholesale price, billing same to the customer.

Lee testified that he and Showalter were friends; that Showalter had done business with the Pearce corporation; that Showalter worked for a pants manufacturer; that on the occasion in question Showalter

desired to purchase one 6:70 x 15 recapped tire and it was agreed between the two that he would give Lee three pairs of pants at wholesale price for the tire which was to be sold to him at wholesale. Lee stated that he delivered the tire to Showalter and received the pants in exchange therefor; that the tire was billed through Spotlight Amoco Service Station, a customer of the Pearce corporation, and that he paid the Pearce corporation the wholesale price for the tire and received a receipt which had been lost.

John Goode, operator of Spotlight Amoco Service Station, testified that he gave Lee permission to sell tires to individual persons and bill them through his station in order that they might have the benefit of the wholesale price.

The sole issue in the case was whether or not Lee accounted to the corporation for the price of the tire in question or whether he wrongfully took the tire, traded it for the pants, and failed to account for the proceeds.

Several assignments of error relied on deal with instructions given on behalf of the Commonwealth over the objection of the accused, and the refusal to give instructions requested by the accused.

The only reversible error committed by the court was its failure to give Instruction C as requested by the accused. Instruction C read:

"The court instructs the jury that if they believe from the evidence that Billy Bodkin Lee, at the time of the sale of the tire to Showalter intended to pay Douglas Pearce, Inc., for the tire and did, in fact, pay said corporation for the tire, then the jury must find the defendant, Billy Bodkin Lee, not guilty."

In refusing this concise instruction which properly presented the theory of the defendant, the court prepared and gave in its stead Instruction 1, which read:

"The court instructs the jury that the law presumes the accused to be innocent until his guilt has been established by the evidence beyond reasonable doubt, which presumption goes with the accused throughout the entire case and applies at every stage thereof, the burden being upon the Commonwealth to establish the guilt of the accused by evidence beyond reasonable doubt.

"The crime of embezzlement here charged includes the following necessary elements:

"1. That the tire in the warrant mentioned was the property of Douglas Pearce, Incorporated.

"2. That the possession of said tire was entrusted by said com-

pany or corporation to the accused in connection with or by reason of his employment with said corporation.

"3. That said tire was wrongfully appropriated or disposed of by the accused for his own use and benefit, with the fraudulent intent to deprive said corporation thereof.

"Before the accused can be convicted of the offense charged, you must therefore believe from the evidence that each of the foregoing elements has been established beyond reasonable doubt."

The court also refused Defendant's Instruction A, on the theory that Instruction 1, as prepared by the court and quoted above, covered the principle involved. Instruction A read:

"The court instructs the jury that the law presumes the defendant, Billy Bodkin Lee, to be innocent until he is proved guilty as charged in the warrant by evidence beyond a reasonable doubt. This presumption of innocence goes with the defendant, Billy Bodkin Lee, throughout the entire trial and applies at every stage thereof.

"The court further instructs the jury that the burden of proof is upon the Commonwealth to prove by the evidence beyond a reasonable doubt that the defendant, Billy Bodkin Lee, disposed of the tire described in the warrant by selling same and receiving the purchase price thereof and diverting said proceeds to his own use with the intent of permanently depriving Douglas Pearce, Inc., thereof, and failing in such proof the jury must find the defendant, Billy Bodkin Lee, not guilty."

While we do not think the failure of the court to give Instruction A constituted reversible error (*Brown* v. *Coates*, 165 Va. 254, 258, 182 S. E. 554), under the circumstances of this case it more correctly covered the issue than did Instruction 1. It will be noted that in the second paragraph of Instruction A the jury was told that Lee must have disposed of the tire by selling same and receiving the purchase price thereof and diverting said proceeds to his own use "with the intent of permanently depriving Douglas Pearce, Inc. thereof." Under the facts in this case the phrase "with the intent of permanently depriving" was material. The jury might have believed, under paragraph 3 of Instruction 1, that the accused was guilty if he used the tire to trade for the pants. The transaction was unusual, *i.e.*, trading the tire for the pants, and the jury may have gained the impression that to do so was a fraudulent transaction even if the accused intended to pay for the tire.

The issue in the case was a narrow one. The intent of Lee at

the time he took the tire was the essence of the offense charged. If he took the tire with the intent to steal it, then he was guilty. If, on the other hand, he took the tire with the intent to pay and did pay the Pearce corporation therefor, he was not guilty.

■ The assignment of error stressed by the accused that the court erred in failing to admit the testimony of S. H. Raines, Investigator for the Virginia State Police, is without merit. The evidence sought to be introduced through the investigator dealt with findings, favorable to the accused, derived from a voluntary test administered to Lee through the use of a device known as the Keeley Polygraph or "lie detector". While there are several valid reasons for the exclusion of the evidence showing the result of the test in this instance, suffice it to say that such tests generally have not as yet been proved scientifically reliable, and therefore the exclusion of the evidence was not error. *People* v. *Becker*, 300 Mich. 562, 2 N. W. 2d 503, 139 A.L.R. 1171, 1174; *Orange* v. *Commonwealth*, 191 Va. 423, 439 (headnote 8), 61 S. E. 2d 267, 274 (headnote 6); 20 Am. Jur., Evidence, § 762, 1958 Cum. Supp., pp. 111, 112; Annotation, 23 A.L.R. 2d 1306.

For the reasons stated the judgment is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*