## Richmond

### JAMES E. REVELL v. COMMONWEALTH OF VIRGINIA.

April 28, 1975.

Record No. 740689.

Present, All the Justices.

*Charles W. Hawks, Jr.*, for plaintiff in error.

*Alan Katz, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Waiving trial by jury, James E. Revell (defendant) was tried and convicted of embezzlement of a 1968 BSA motorcycle. He was sentenced to twelve months in jail, with the sentence suspended on condition that he make restitution.

The crucial issue here is the sufficiency of the evidence to support the conviction.

The record reveals that Franklin A. Coveney (Coveney) visited BSA of Portsmouth, Inc. (BSA), to obtain a new chain for his motorcycle. While there, Coveney talked with Revell, an employee of BSA, concerning the possible sale of Coveney's motorcycle. Revell agreed that he would attempt to sell the motorcycle for $800.00 or more. If it was sold for an amount greater than $800.00, BSA was to retain the excess.

Later, Coveney delivered the motorcycle to the defendant at BSA. Upon returning to BSA approximately two weeks later, Coveney was advised that the vehicle had been sold for $780.00. He was also told that he must make a blank assignment of his title to the motorcycle and leave it with BSA so that the buyer of the motorcycle could obtain financing. Coveney could not remember who requested the blank assignment of title nor could he remember whether the title certificate was signed in the presence of defendant or some other BSA employee. Coveney returned to BSA on three subsequent occasions but was unable to obtain his money or to see defendant.

The only evidence regarding defendant's position with BSA was Coveney's testimony that Revell ". . . appeared to be the boss; everything seemed to float around him."

Frank Robertson, Jr. (Robertson), who purchased the motorcycle in question from BSA, testified that he dealt with someone other than Revell when transacting his purchase. The sales contract between Robertson and BSA showed the salesman's name to be "McBride."

The only evidence regarding the proceeds of the sale consisted of Robertson's testimony that ". . . Beneficial [Finance] gave me a check in my name, I came back and I signed the check all, you know, to them [BSA]."

To constitute the statutory crime of embezzlement it is necessary to prove that an accused wrongfully appropriated to his own use or benefit, with the intent to deprive the owner thereof, the property of another which has been entrusted to him by reason of his employment or office. *Webb v. Commonwealth,* 204 Va. 24, 34, 129 S.E.2d 22, 30 (1963); *Lee v. Commonwealth,* 200 Va. 233, 235, 236, 105 S.E.2d 152, 154 (1958).

Here, the Commonwealth has failed to prove that Revell's position at BSA placed him in control of the company's other employees or of its funds. No evidence was adduced concerning the disposition of the proceeds of the sale of the motorcycle. The record is devoid of proof that title to the motorcycle or the proceeds from its sale ever came into Revell's possession or under his control. In the absence of such evidence, the conviction cannot stand.

For the reasons stated herein, the judgment is set aside and reversed and the case remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*