## CIRCUIT COURT OF FAIRFAX COUNTY

Fitzpatrick

v.

Fitzpatrick

March 21, 2002

Case No. (Chancery) 176016

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on January 25, 2001, on Complainant's Motion for Entry of Final Decree. The Court took the matter under advisement to determine if the final decree of divorce submitted on December 21, 2001, and rejected by the Court on December 28, 2001, should be corrected and entered *nunc pro tunc* to December 28, 2001. For the reasons set forth in this opinion letter, Complainant's motion is denied.

On December 19, 2001, the Complainant filed a Bill of Complaint for divorce on the grounds that the parties had lived separate and apart for over one year. On December 20, 2001, the parties entered into a property settlement agreement, and Complainant submitted a final decree of divorce on December 21, 2001.[1] On December 28, 2001, the Court sent the Complainant a notice that the Decree had been reviewed by a Judge, but not signed due to several

---

[1] Due to the influx of no-fault divorces that are filed with the Court at the end of the year, the Court imposed a filing "cut-off" date of December 18, 2001, to have final decrees of divorce processed by the Court before the end of the year. Parties submitting correct final decrees by December 18, 2001, were ensured that their orders would be entered by December 31, 2001. The "cut-off" date was posted throughout the courthouse and in the Clerk's office. All orders submitted after December 18, 2001, were presumed not to be processed until after the new year. Notwithstanding the fact that this Final Decree was filed three days after the Court-imposed deadline, it was reviewed on December 28, 2001.

deficiencies: (1) in his deposition, the corroborating witness failed to indicate that at least one of the parties to the marriage was a domiciliary and bona fide resident of Virginia for six months prior to the suit's being filed, (2) in the statutory notices for orders containing child support, the zip code was missing from the mother's employer, and (3) in the health insurance provision, the Decree did not contain any health insurance policy information as required by statute. Complainant subsequently filed this Motion for Entry of Final Decree, seeking to have a revised Final Decree entered *nunc pro tunc* to December 28, 2001.

To obtain a divorce in the Commonwealth, the parties must follow the procedures as prescribed by statute. Pursuant to the Code, "no divorce, annulment, or affirmation of a marriage shall be granted on the uncorroborated testimony of the parties or either of them." Va. Code Ann. § 20-99. The Virginia Court of Appeals has held that, generally, "where a particular fact or circumstance is vital to complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential. . . . Where it is apparent that there is no collusion, the corroboration needs to be only slight." *Graves v. Graves*, 193 Va. 659, 661-62 (1952). It is clear from the record and submissions from the parties that no third person has provided even "slight" corroboration of a "vital" statutory element for these parties to obtain a divorce – jurisdiction. Although Complainant has asserted in his Bill of Complaint and Final Decree that he is a bona fide resident and domiciliary of the Commonwealth, his deponent simply does not corroborate this essential fact.[2] This fault in the record alone warrants the Court's rejection of the Final Decree.[3] Indeed, this Court cannot even enter the revised Final Decree submitted by the Complainant because the Court still does not have

---

[2] Similarly, while Complainant argues that the record reflects that Complainant is a member of the Virginia Bar and practices in Virginia, these facts still fail to establish that Complainant has been a bona fide resident and domiciliary of the Commonwealth. Furthermore, none of these allegations have been corroborated.

[3] Counsel has also proffered the argument that the second and third bases for rejection by the Court were "oversights" or "inadvertent omissions" that the Court can correct by entering a *nunc pro tunc* order. See Va. Code Ann. § 8.01-428(B). Because the Court finds fatal omissions in the record, this issue does not require consideration. Pursuant to the Code and common law, the Court may correct such omissions by entering an order *nunc pro tunc*. See *id.*; *Dorn v. Dorn*, 222 Va. 288 (1981). However, the Court would not deem the omissions of the decree, particularly the health insurance information that is required by statute, omissions that would be corrected through a *nunc pro tunc* order.

corroboration that jurisdiction in this case is proper. Accordingly, Complainant's motion is denied.

Counsel for Complainant should file an affidavit from Mr. Robert J. Cunningham, Jr., to supplement his deposition. Upon receipt of the affidavit and a fully endorsed and corrected final decree, the Court will enter the final decree of divorce.