COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


ANNETTE MORGAN, F/K/A
   ANNETTE M. WATKINS
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 3066-06-2              JUDGE JEAN HARRISON CLEMENTS
                                                             NOVEMBER 13, 2007
DAVID B. WATKINS


                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                              Paul M. Peatross, Jr., Judge

           Lawrence D. Diehl for appellant.

           No brief or argument for appellee.


       Annette Morgan (wife) appeals from a final decree of divorce entered by the trial court

on November 15, 2006.  On appeal, wife contends the trial court erred in denying her request for

spousal support from David B. Watkins (husband).  Wife further requests an award of her

attorney's fees and costs incurred in pursuit of this appeal.  For the reasons that follow, we affirm

the trial court's judgment and deny wife's request for appellate attorney's fees and costs.

       As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. SPOUSAL SUPPORT

Wife claims the trial court abused its discretion in denying her request for spousal support. Specifically, wife contends the trial court erred in finding she deserted and constructively deserted the marriage and in failing to consider the economic circumstances of the parties as required by Code § 20-107.1(E). We disagree.

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). Thus, we will not reverse an award of spousal support "'unless there has been a clear abuse of discretion.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997)).

> An abuse of discretion can be found if the trial court uses "an improper legal standard in exercising its discretionary function," Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d 652, 661 (2002), because a trial court "'by definition abuses its discretion when it makes an error of law,'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). An abuse of discretion also exists if the trial court fails to consider the statutory factors required to be part of the decision-making process or makes factual findings that are plainly wrong or without evidence to support them.

Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836-37 (2003) (citations omitted).

In determining whether the trial court abused its discretion, we view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to husband, the party who prevailed below. Id. at 258, 578 S.E.2d at 835. "That principle requires us to 'discard the evidence' of [wife] which conflicts, either directly or inferentially, with the evidence presented by [husband] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

A.  Desertion and Constructive Desertion

Code § 20-107.1(E) requires the trial court, in determining whether to award spousal support, to "consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery and any other ground for divorce under the provisions of subdivision (3) or (6) of § 20-91 or § 20-95."  Here, the trial court determined that an award of spousal support to wife was not warranted because her false accusations against husband of committing adultery with ten women and one man, of sexually molesting a former roommate, and of sexually abusing the parties' son, along with her directing husband to move out of the marital bedroom and her assault on husband in June 2005 caused the dissolution of the marriage and amounted to desertion and constructive desertion by wife.

Wife contends the evidence presented was insufficient to establish a fault ground of divorce that permitted the trial court to deny her request for spousal support under Code § 20-107.1(E).  Specifically, wife argues that husband's evidence was insufficient to prove her conduct constituted desertion or constructive desertion and that husband failed to present sufficient evidence to corroborate his allegations of desertion and constructive desertion.  We find wife's arguments meritless.

Code § 20-91(A)(6) authorizes a divorce from the bond of matrimony on the grounds of willful desertion and cruelty.  Willful desertion occurs when "one spouse breaks off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of the other spouse."  Barnes v. Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993).  The fact the spouses remain under the same roof does not preclude a finding of willful desertion.  See Jamison v. Jamison, 3 Va. App. 644, 648-49, 352 S.E.2d 719, 722 (1987).  "Once separation and intent to desert have been established, the desertion is presumed to continue until the contrary is shown."  Petachenko v. Petachenko, 232 Va. 296, 299, 350 S.E.2d 600, 602 (1986).

Constructive desertion may be established by cruelty on the part of one spouse that justifies the other spouse's decision to discontinue marital cohabitation. See Hoffecker v. Hoffecker, 200 Va. 119, 125-26, 104 S.E.2d 771, 775-76 (1958). In other words, a spouse is justified in leaving the marital relationship if the other spouse's conduct amounts to cruelty. See id. "[T]he misconduct [that] will form a good ground for [divorce] must be very serious and such as amounts to extreme cruelty, entirely subversive of the family relations rendering the association intolerable." Zinkhan v. Zinkhan, 2 Va. App. 200, 209, 342 S.E.2d 658, 663 (1986). For instance, "a single act of physical cruelty will constitute grounds for divorce . . . if it indicates an intention to do serious bodily harm . . . or if the precedent or attendant circumstances show that the acts are likely to be repeated." Davis v. Davis, 8 Va. App. 12, 15, 377 S.E.2d 640, 642 (1989). Likewise, a spouse may be guilty of cruelty amounting to constructive desertion if he or she inflicts "mental anguish, repeated and unrelenting neglect and humiliation . . . upon an unoffending spouse." Hoback v. Hoback, 208 Va. 432, 436, 158 S.E.2d 113, 116 (1967).

The burden of proof in desertion cases is by a preponderance of the evidence. Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1986). Moreover, "before a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony." Clark v. Clark, 11 Va. App. 286, 296, 398 S.E.2d 82, 88 (1990) (citing Code § 20-99). Where, as here, the evidence is "conflicting and . . . heard *ore tenus* by the trial court," the trial court's findings regarding whether a desertion has occurred have "the weight of a jury verdict, and will not be disturbed unless plainly wrong or without evidence to support them." Alls v. Alls, 216 Va. 13, 14, 216 S.E.2d 16, 16-17 (1975).

Examined in the light most favorable to husband in accordance with the appropriate appellate standard of review, see Congdon, 40 Va. App. at 258, 578 S.E.2d at 835, the evidence

presented in this case established that, throughout the latter part of the marriage, wife falsely accused husband of having affairs with several women and one man. She also falsely accused husband of having sexually molested a former male roommate and, most significantly, of sexually abusing the parties' minor son. Wife's disclosure of such accusations to Elizabeth Sorenson, a mutual friend of the parties, led Sorenson to contact the police out of concern that husband might be molesting her son. Sorenson also confronted husband about the accusations. On January 29, 2005, the parties separated when wife directed husband to leave the marital bedroom and he moved into the guest room. Although husband did not intend to get a divorce at the time, he felt the situation with wife was "becoming unbearable." On June 24, 2005, wife punched husband ten to twelve times in front of the parties' son. The police were called, and wife was arrested. Wife subsequently pleaded guilty to the charge, and husband obtained a protective order prohibiting wife from having contact with husband and the parties' son for two years.

Upon consideration of the totality of these circumstances, we conclude the evidence supports the findings that wife broke off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of husband, and that wife's misconduct— namely, her repeated, humiliating false accusations against husband and her June 2005 assault on husband—was entirely subversive of the marriage and rendered the relationship intolerable. Accordingly, we hold that the evidence presented was sufficient to prove wife's misconduct constituted desertion and constructive desertion.

We further hold that husband presented sufficient evidence to corroborate his allegations of desertion and constructive desertion. As our Supreme Court has stated:

> The question of corroboration is one of fact, the decision of which in each case depends upon the peculiar facts of that particular case. It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential charge stated as a ground for divorce. The corroborative testimony need not be sufficient, standing alone, to prove the alleged ground

> for divorce. Any other rule would deprive the testimony of the complaining spouse of any practical effect. The general rule is that where a particular fact or circumstance is vital to complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential. The main object of the provision of the statute requiring corroboration is to prevent collusion. Where it is apparent that there is no collusion, the corroboration needs to be only slight.

Graves v. Graves, 193 Va. 659, 662-63, 70 S.E.2d 339, 340 (1952).

Here, there is no appearance in the record of any collusion between the parties. Thus, the requisite corroboration need only be slight. We conclude that Sorenson's testimony regarding the accusations against husband that wife made to her corroborated husband's testimony about those and similar accusations. Likewise, Dr. Jeffrey C. Fracher's evaluation of husband's sexual interests and the February 27, 2006 consent order granting husband primary physical custody of the parties' son corroborated husband's testimony that wife's accusations were false. Furthermore, the warrant of arrest in the record corroborated husband's testimony regarding wife's June 2005 assault, and the testimony of wife and her witness corroborated husband's testimony that wife directed him to leave the marital bedroom in January 2005. Accordingly, the corroboration requirement was satisfied.

Wife also argues the trial court erred in finding she deserted and constructively deserted the marriage because the court failed to properly take into account the evidence that husband broke her finger in December 2001 and failed to take her to the hospital. In making this argument, however, wife relies on her own testimony regarding the December 2001 incident, which conflicts with husband's version of the incident. Thus, she disregards the settled standard of appellate review that requires us to view the evidence in the light most favorable to husband, the party who prevailed below. See Congdon, 40 Va. App. at 258, 578 S.E.2d at 835. As previously mentioned, "[t]hat principle requires us to 'discard the evidence' of [wife] which

- 6 -

conflicts, either directly or inferentially, with the evidence presented by [husband] at trial." Id.
(quoting Wactor, 38 Va. App. at 380, 564 S.E.2d at 162).

Correctly viewed, the evidence established that wife's finger was inadvertently broken as a result of a mutual shoving match between the parties when their fingers became intertwined. The evidence also established that husband was unable to take wife to the hospital, following the shoving incident, because he had to stay home with the parties' young children since no one else was available to watch them. Hence, the trial judge, having resolved the conflicts in the evidence in husband's favor, properly gave the incident little or no weight in determining, pursuant to Code § 20-107.1(E), whether either party's misconduct rose to the level of a ground for divorce. See Dukelow v. Dukelow, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986) (holding that, in deciding whether to award spousal support, the court must determine whether either party is guilty of "marital fault *amounting to a statutory ground for divorce*" (emphasis added)). Accordingly, we find wife's argument meritless.

Wife further contends the trial court erred in finding her actions amounted to desertion and constructive desertion because, in making that finding, the court improperly relied on wife's June 2005 assault on husband, which occurred nearly five months after the parties had separated. The court's "consideration of a post-separation event," wife argues, "is error as a matter of law." We disagree.

The trial judge found that the parties separated on January 29, 2005, and, acting within his discretion, awarded a divorce based on the parties' one-year separation from that date. As previously mentioned, however, Code § 20-107.1(E) requires the trial court, in determining whether to award spousal support, to ascertain whether either party is guilty of a fault-based ground for divorce. Thus, even where a court grants a divorce based on a one-year separation, it must still consider any proven fault-based ground in relation to spousal support. See generally

Zinkhan, 2 Va. App. at 210, 342 S.E.2d 663-64. The question here, then, is whether a party's misconduct in the form of cruelty that occurs after the date of separation while the parties are living separate and apart may constitute a ground for divorce.

In Davis, the wife was granted a divorce on the ground that the parties lived separate and apart for one year and was awarded spousal support. 8 Va. App. at 14, 377 S.E.2d at 641. It was further determined that the husband's post-separation, criminal assault on the wife constituted a fault-based ground of divorce. Id. at 15, 377 S.E.2d at 642. On appeal, the husband argued that "he could not be found guilty of cruelty for misconduct occurring after the date of separation of the parties." Id. We disagreed, noting that "[m]ost authorities agree that misconduct in the form of cruelty occurring while the parties are living separate and apart may constitute grounds of divorce." Id.

Our decision in Davis makes it clear that the mere fact that a party's misconduct occurs after the date of separation does not mean the misconduct may not constitute a fault-based ground of divorce. Accordingly, we reject wife's claim that, in determining whether to award spousal support to wife, the trial judge, as a matter of law, could not consider her criminal assault on husband merely because it occurred after the parties had separated.

In Barnes, the case on which wife relies, the trial court awarded spousal support to the wife even though she committed adultery following the parties' separation. 16 Va. App. at 100, 428 S.E.2d at 297. Addressing the issue of manifest injustice, the trial court specifically determined, as a matter of fact, that the adultery occurred "after the marriage had been irretrievably lost." Id. at 103, 428 S.E.2d at 298. Finding the evidence supported the trial court's finding and specifically "showed that the post-separation adultery had little, if anything, to do with causing the deterioration of the marriage or in preventing a possible reconciliation," we upheld the trial court's decision. Id. Here, however, the trial judge made no such finding with

respect to wife's post-separation assault on husband. To the contrary, in expressly relying on the assault, the judge implicitly found that the marriage was not *irretrievably* lost at the time. We cannot say that finding is wrong as a matter of law. Hence, wife's reliance on <u>Barnes</u> is misplaced with respect to the issue now before us.[1]

For these reasons, we cannot say the trial judge erred in finding wife's misconduct amounted to desertion and constructive desertion of the marriage.

### B. Financial Circumstances of the Parties

Wife further contends the trial court erred when, in adjudicating the issue of spousal support, it failed to consider the economic circumstances of the parties and the other factors enumerated in Code § 20-107.1(E). Such consideration, wife argues, was required under the statute. Because wife expressly approved the trial judge's use of the analytical approach she now challenges on appeal, we need not address the merits of this claim of error.

The record demonstrates that the subject of what procedure the trial judge should follow in adjudicating the issue of spousal support under Code § 20-107.1(E) came up several times during closing arguments at trial. After addressing the issue of fault, wife's trial counsel stated, "And now if she's not barred from receiving spousal support, then the Court's obligation is to consider . . . the standard of living acquired by the parties during the marriage." Husband's counsel agreed that fault was the threshold issue before the judge:

> The first issue, and one we really want to spend some time on, Your Honor, is whether or not spousal support is due at all.

---

[1] Wife also argues on brief that the trial court erred in finding she caused the dissolution of the marriage because Virginia law does not permit a divorce to be entered based upon the gradual breakdown of the marital relationship. <u>See</u> <u>Sprott v. Sprott</u>, 233 Va. 238, 242, 355 S.E.2d 881, 883 (1987). However, wife did not make this argument at trial or in her motion to reconsider. Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc). Hence, we will not consider this argument on appeal.

And that is because there is fault involved here, and there is fault such that the phrase in 20-107.1, whether support is to be awarded, the Court has to consider the fault of the parties.

Subsequently asked by the judge for further clarification on the subject, husband's counsel explained:

The case law says that whether [support is to be awarded] is the first hurdle. And [wife's counsel] even went through that himself and said, "Well, is there a bar to support?"

They don't call it a complete bar anymore. But whether support is to be awarded, the first analysis, the threshold inquiry is, is there a ground for divorce, has the person committed fault.

And if so, the Court is not obligated [to award support] at all.

The judge and wife's counsel completed closing argument with the following colloquy:

[COUNSEL]: So I'd ask you to find that there is no bar to support. And then, having done that, the law is clear that you're supposed to look at the factors in Section E independently of considering the circumstances leading to the dissolution of the marriage. . . .

THE COURT: But you do agree that under E, before you get to the factors, in determining whether to make an award you can consider these other facts --

[COUNSEL]: You may --

THE COURT: -- that could constitute cruelty --

[COUNSEL]: Yes, sir.

THE COURT: -- or desertion, even though it isn't pled?

[COUNSEL]: That's true.

THE COURT: Okay.

[COUNSEL]: You may consider those under whether. You may not consider them under how much.

THE COURT: Okay; I want to stop.

It is clear from these discussions that wife manifestly agreed with husband's position that the adjudication of the issue of spousal support was a two-step process: First, the trial judge had to

- 10 -

"consider the circumstances and factors which contributed to the dissolution of the marriage," specifically any fault-based grounds for divorce, in order to determine whether support was warranted. Code § 20-107.1(E). Second, if, and only if, the judge determined that support was warranted, the judge then had to consider the economic circumstances of the parties and all of the other factors enumerated in Code § 20-107.1(E) in order to determine "the nature, amount and duration of [the] award." Id. At no point during trial did wife argue that the second step was still required even if the judge found in step one that spousal support was unwarranted.

The record shows that the trial judge, in adjudicating wife's request for spousal support, performed step one of the process. Finding that spousal support was unwarranted because wife deserted and constructively deserted the marriage, the judge did not perform the second step. In other words, although the result was not the one she sought, the trial judge followed the process specifically agreed to by wife.

It is well settled in Virginia that "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006); see also Buchanan v. Commonwealth, 238 Va. 389, 400-01, 384 S.E.2d 757, 764 (1989) (holding that a party may not be heard to complain on appeal where the record shows the lower court took the very action requested or agreed to by that party); Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979) ("The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position."); McClain v. Commonwealth, 189 Va. 847, 856, 55 S.E.2d 49, 53 (1949) ("The defendant, having taken his chance on a favorable report, ought not to be heard to object later if

he considered it unfavorable."). Accordingly, wife will not now be heard to complain of actions by the trial judge that she herself invited the judge to take.

We hold, therefore, that the trial judge did not abuse his discretion in finding that an award of spousal support to wife was not warranted and in denying her request for spousal support. See Collins v. Commonwealth, 269 Va. 141, 146, 607 S.E.2d 719, 721 (2005) (noting that "the judgment of the trial court is presumed to be correct unless and until reversed").

## II.  ATTORNEY'S FEES

Wife seeks an award of her appellate attorney's fees and costs. However, she offers no legitimate reason to require husband, who made no appearance on appeal, to pay any of her appellate expenses. Because we conceive no such reason, we deny wife's request for appellate attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

## III.  CONCLUSION

For these reasons, we affirm the trial court's judgment denying wife's request for spousal support and we deny wife's request for appellate attorney's fees and costs.

Affirmed.