COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, McCullough and Senior Judge Bumgardner

ASSEL IBRAYEVA

MEMORANDUM OPINION[*]

v.       Record No. 1120-12-4                                    PER CURIAM
                                                                DECEMBER 11, 2012

ANDREI J. KUBLAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

(Yousof W. Nesari; JW Law, PC, on brief), for appellant.

(Andrei J. Kublan, *pro se*, on brief).


Assel Ibrayeva (wife) appeals a final decree of divorce. Wife argues that the trial court erred

in granting Andrei J. Kublan (husband) a divorce *a vinculo matrimonii* (1) where there was

insufficient proof of cruelty, and (2) where the evidence was not corroborated by a third party.[1]

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court.[2] See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife raises numerous other issues in the argument section of her brief; however, the Court considers only the issues stated in appellant's assignments of error. Rule 5A:20(c) (appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court").

[2] On September 14, 2012, wife filed her opening brief, but it did not comply with Rule 5A:20(d) because she did not reference pages of the record or transcripts to support her statement of facts. The Court provided her with an opportunity to file a replacement brief, but informed her that she could not vary the text of the replacement brief from the original brief. Wife filed a replacement brief and included an addendum. On October 5, 2012, husband filed a motion to dismiss and argues that wife included additional documents in the addendum to her replacement opening brief. The additional documents were not presented to the trial court. Furthermore, husband argues that wife did not provide adequate references to the record to support her

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Wife is not a citizen of the United States, but came to this country on a valid visa in July 2003. Wife met husband when he represented her at a hearing in the immigration court in 2007. Wife asked for voluntary departure, which was granted, and she was ordered to leave the United States within 120 days.

Before the time for wife's departure, wife and husband married.[3] Husband subsequently filed a Form I-130, Petition for Alien Relative, in order for wife to remain in the country. There was one child born during the marriage.

The parties had frequent arguments, which resulted in several physical altercations. On March 8, 2008, wife was arrested for assault and battery against husband. Wife pled *nolo contendere*, and the trial court deferred disposition. In May 2009, wife was arrested again for assault and battery against husband. The court found her guilty and sentenced her to thirty days in jail, with all thirty days suspended, and probation for twelve months.

In November 2010, the parties learned that husband's Petition for Alien Relative was denied. Wife asked for voluntary departure, which was granted in December 2010.

---

statement of facts in her brief. Upon consideration thereof, we find that when wife submitted her replacement brief, she did include additional documents in an addendum, and those documents were not presented to the trial court. Therefore, we will not consider the documents in the addendum. Appellee's argument for dismissal regarding lack of adequate references to the record in her statement of facts is not grounds for dismissal. See Smith v. Commonwealth, 281 Va. 464, 706 S.E.2d 889 (2011). Accordingly, the motion to dismiss is denied.

[3] The parties signed a pre-marital agreement on December 12, 2007 and married on December 15, 2007.

On January 8, 2011, wife was arrested a third time for assault and battery against husband. The parties separated. On March 2, 2011, husband filed a complaint for divorce, to which wife filed an answer. On October 25, 2011, the trial court denied wife's motion to set aside the pre-marital agreement, so the equitable distribution and spousal support issues were resolved. On December 16, 2011, the trial court entered a custody and visitation order, granting sole legal and physical custody to husband and visitation to wife.

On February 6 and 7, 2012, the trial court heard evidence and argument regarding the grounds for divorce. Husband sought a divorce based on cruelty, and wife sought a divorce based on living separate and apart for more than one year. Wife objected to a divorce based on cruelty because she probably would be deported and not able to live in the United States with their child. On March 26, 2012, the trial court entered a decree of divorce *a vinculo matrimonii* and granted husband a divorce against wife based on cruelty. This appeal followed.

ANALYSIS

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence." Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994) (citing Capps v. Capps, 216 Va. 382, 384, 219 S.E.2d 898, 899 (1975)).

Cruelty

Wife argues that the trial court erred in finding that there was sufficient evidence to establish cruelty as a ground for divorce. Wife contends the trial court should have granted the divorce based on living separate and apart for more than one year.

"'[T]he cruelty that authorizes a divorce is anything that tends to bodily harm and thus renders cohabitation unsafe; or, as expressed in the older decisions, that involves danger of life,

limb or health.'" Zinkhan v. Zinkhan, 2 Va. App. 200, 208, 342 S.E.2d 658, 662 (1986) (quoting Latham v. Latham, 71 Va. (30 Gratt.) 307, 320-22 (1878)).

The trial court found that wife had a propensity toward violence and that her behavior amounted to cruelty. There was evidence of physical altercations between husband and wife, with wife instigating the incidents. On more than one occasion, she was arrested and found guilty for assault and battery against husband. Furthermore, there was evidence to support the trial court's findings that wife's propensity for violence made the situation intolerable and unsafe for husband. Husband described an unbearable living situation in which he was "afraid to speak" and was "victimized in his home both verbally and physically for years."

On appeal, wife argues that husband's testimony was not credible, nor was the testimony of his mother. She contends the trial court erred in disregarding portions of her testimony about what transpired during the marriage.

Wife asserted that husband would threaten to withdraw the immigration petition and have her deported. She also argued that he had the control in their relationship. However, the trial court did not find wife's testimony to be credible. The trial court noted that wife "changed her story on a number of crucial matters." The trial court also commented on wife's ability "to turn on the tears and tremulous voice when it suited her but could immediately turn that off and return to normal."

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted). Here, the trial court found husband's testimony and his mother's testimony to be more credible than wife's testimony.

Although there was evidence of the parties living separate and apart for more than one year, the trial court granted the divorce based on grounds of cruelty. We note that it is well established that "where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989) (citing Zinkhan, 2 Va. App. at 210, 342 S.E.2d at 663). "[T]he trial court was not compelled 'to give precedence to one proven ground of divorce over another.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 254 (1992) (quoting Robertson v. Robertson, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975)). Since there was sufficient evidence, the trial court did not err in granting the divorce based on cruelty.

Corroboration

Wife argues that the trial court erred in finding that there was sufficient corroboration of husband's version of events to prove cruelty as a ground for divorce.

"No divorce . . . shall be granted on the uncorroborated testimony of the parties or either of them." Code § 20-99(1).

> The question of corroboration is one of fact, the decision of which in each case depends upon the peculiar facts of that particular case. It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential charge stated as a ground for divorce. The corroborative testimony need not be sufficient, standing alone, to prove the alleged ground for divorce. Any other rule would deprive the testimony of the complaining spouse of any practical effect. The general rule is that where a particular fact or circumstance is vital to complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential. The main object of the provision of the statute requiring corroboration is to prevent collusion. Where it is apparent that there is no collusion, the corroboration needs to be only slight.

Graves v. Graves, 193 Va. 659, 662-63, 70 S.E.2d 339, 340 (1952) (citations omitted).

There was no evidence of collusion; therefore, the trial court only had to find slight corroboration. The trial court cited several examples that corroborated the ground of cruelty.

- 5 -

The trial court found the photographs of husband's injuries corroborated the first and third violent incidents that led to wife's arrests. The trial court also explained that the police officer's testimony corroborated the evidence of wife's propensity to violence. Lastly, the trial court found the testimony of husband's mother to be credible and that she corroborated the evidence of wife's propensity to violence.

Wife contends the trial court should not have relied on a letter that she wrote to corroborate the ground of cruelty. In its ruling, the trial court listed the letter as one of several items that corroborated husband's version of events. Wife admitted in the letter that she had an anger management problem. Wife argued to the trial court, and on appeal, that husband forced her to write the letter. However, as the trial court noted, there was no evidence of how or when the letter was written, and wife had an opportunity to explain the circumstances of the letter, but did not do so. Therefore, the trial court did not err in considering the letter as corroboration.

Contrary to wife's arguments, the trial court had evidence with sufficient corroboration to grant husband a divorce based on cruelty.

### Attorney's fees and costs

Husband requests an award of attorney's fees and costs he incurred in connection with this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Husband has incurred no attorney's fees because he appeared before this Court *pro se*; therefore, his request for attorney's fees is denied. His request for costs is also denied.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.